C. A. WILSON, APPELLANT, v. THE CITY OF SALEM, RESPONDENT.

*Appeal from Marion County.*

COSTS.—Bill of disbursements, how constituted, nature of objections thereto.

THIS case was an appeal from an allowance of disbursements to respondent, and invokes no questions other than those decided in *Crawford* v. *Abraham et al.*, 2 Oregon, 163, and requires only an extension of the rulings there.

Wilson *v*. City of Salem.

*Williams & Willis*, for appellant.

*Mallory & Shaw*, for respondent.

WILSON, J.    In preparing the bill of disbursements, which one party claims to recover of the other.    Each item is a *separate claim*, for which a separate allowance might be asked, and each item should be briefly, but particularly set forth, just as in a complaint.    Each *cause of action* must be specifically set out, and must of itself, show a right to recover thereon; applied to this case, the reason is apparent.    The opportunity must be given for the other party to object to the allowance, and by the rule in *Crawford* v. *Abraham et al.*, 2 Oregon, 163, he must object specially to each claim or distinct part thereof set forth.    If this be not done, that item or part is admitted to be a proper charge.

The attendance of a witness is an item, the mileage of that witness is another, the necessity for his attendance a third, and to each, the party charged may or may not object.    By our rule, in the case referred to, "when objections have been specially made to any or all of the items claimed, then it would be proper, if within the power of the claimant, to make a full showing as to the materiality," and we may add, to the necessity of each item so objected to.    We there declared that the further showing should be in the form of an "amended verification."    This term may have misled parties, and we would adopt rather an "*amended verified statement.*"    Each item or part thereof, objected to, should *only* appear in such amended statement, with all the facts necessary to show the justice of the claim, and to authorize the clerk or the court, to allow a judgment therefor.    Here seems to have been the difficulty in this case.    Perhaps a case would better illustrate what we desire to express.    Suppose objections are made thus: That A. B. was not sworn as a witness, that C. D. did not attend as a witness *only*, but was a juror, etc., or for the alleged number of days, and that E. F. did not travel any distance as a witness, etc.

Then the amended statement should directly and fully exhibit the facts as to those points, and might be in a form substantially thus: "The reason why A. B. was not sworn was (setting it forth); but it was material to have such witness in attendance (setting forth the reason); that C. D. travelled —— miles in coming to and —— miles in going from court as a witness. That said witness came by special agreement, or by process served; and that E. F. was in attendance as a witness alone —— days." And so, as to any item, to which objection may have been made. Then perjury could probably be sustained if the facts sworn to were untrue, since the particular attention of the affiant has been called to each fact.

The case now before us is somewhat uncertain in what may be termed its pleadings, but it answers sufficiently for our views, additional to those in *Crawford* v. *Abraham et al.*

We think attorneys can now understand the requirements of our rulings. We find that no sufficient showing has been made to sustain the allowance of some of the items to which the appellant objected, and without specifying them we shall direct a modification of the judgment below, reducing the disbursements allowed to one hundred and fifty-one and $\frac{90}{100}$ dollars.