# THOMAS CROSS, Appellant, *v.* ELIAS CHICHES-TER, Respondent.

Costs.—The decision of a Circuit Court determining the amount of costs taxable in a case, may be reviewed in the Supreme Court on appeal.

UNDERTAKING, WHEN TOO LATE FOR FILING.—If the undertaking on appeal is not filed within ten days after the service of notice of appeal, it is too late, and the cause will be dismissed unless leave is obtained to perfect the appeal.

LEAVE TO PERFECT APPEAL.—It is too late to apply for leave to perfect the appeal after the motion to dismiss is brought on for hearing.

AFFIDAVITS SHOULD BE FILED, WHEN.—Affidavits to be read in support of the cross motion should be filed before the motion is brought on for hearing.

COST-BILL.—In taxing costs the practice requires a cost-bill or statement of disbursements, which must state the items separately, specifying the amount of each item and for what the expense is incurred, and it must be verified.

IDEM—VERIFICATION.—Such verification is sufficient, if the party deposes that the items of the bill or statement are correct as the deponent verily believes, and that the liability has been necessarily incurred.

OBJECTION TO COST-BILL.—The written objection to the bill need not be on oath, but it must point out particularly the errors in the bill.

APPEAL from Lane County.

The appeal is from a judgment of the Circuit Court affirming a taxation of costs by the Clerk.

Before a hearing was had upon the merits of the cause a motion was submitted by respondent to dismiss the appeal upon these grounds:

*First.* The order, affecting only the taxation of costs, is not a "final decision."

*Second.* The undertaking was not filed within ten days after the service of the notice of appeal.

Pending the argument of the motion, counsel for appellant asked leave to perfect the appeal *nunc pro tunc*, and offered to file an affidavit in support of such request.

Upon the motion to dismiss, Upton, J., delivering the opinion of the Court, said:

"By the Constitution it is provided that 'the Supreme Court shall have jurisdiction only to revise the final decisions of the Circuit Courts.' We hold that a decision of

a Circuit Court finally determining the amount of costs taxable in a case is within this provision and is reviewable in this Court.

"On the second ground of the motion, the Court is of opinion that the undertaking was filed too late, it not being filed 'within ten days after service of the notice of appeal;' and that the motion must be granted unless leave be given to perfect the appeal.

"The appellant's counsel, in the course of their argument on this motion, expressed a willingness to file a new undertaking and to apply for leave to perfect the appeal by that method if the Court thought a new undertaking necessary. We do not deem it a correct practice to entertain such a proposition made after the motion to dismiss is brought on for argument. The application for that purpose ought to have been made in the form of a cross motion, and if any affidavits were relied upon in support of the application, they should have been filed before the motion to dismiss was brought on for hearing, so that the whole matter would be presented for consideration. If the respondent insists on the second ground, the motion to dismiss will be granted."

Respondent having filed an undertaking *nunc pro tunc*, appellant waived the second ground of his motion to dismiss and the cause was submitted on its merits.

*Mallory & Shaw*, for Appellant.

*Ellsworth & Walton*, for Respondent.

By the Court, UPTON, J.:

It appears from the transcript that the defendant filed with the Clerk, under § 546 of the Practice Act, a statement of his disbursements, the items of which were for witnesses' fees, in which he specified the name of each witness and the amount of the disbursement, setting out each item in the following form:

"———— ————, —— days, —— miles, $——— —,"
giving the name of the witness, the number of days, the

number of miles, and the amount claimed for each witness.
The statement was verified.

The appellant filed the following objections:

" 1st. It does not appear from said bill of disbursements
or the affidavit thereto, that the persons therein named as
witnesses actually and necessarily traveled the number of
miles charged therein, or that they all or any of them ac-
tually attended the Court the number of days charged, as
witnesses only.

" 2d. It does not appear from said bill of disbursements
that the defendant has paid, or is liable to pay to the
persons named as witnesses, the amount therein charged.

"3d. It does not appear from said bill of disbursements
that the said witnesses, or any of them, were material for
the defense of this action; that they or either of them
were sworn and examined in the trial."

The respondent filed an amended verification to the bill
of disbursements, whereupon the Clerk made an order al-
lowing the bill, and the Circuit Court affirmed the order.

The only points it is necessary to consider in reviewing
the decision of the Circuit Court, are whether the original
statement of disbursements filed by the respondent, and
its verification, were in compliance with § 546 of the
Practice Act in the first instance, and whether the objec-
tions filed by the appellant " state the particulars of
such objections" within the meaning of that section, as
construed in the cases of *Crawford* v. *Abraham* (2 Oregon,
163), and *Wilson* v. *City of Salem* (3 Oregon, 482), so as to
make it obligatory on the respondent to file an "amended
verified statement."

We think the original statement sufficient in the first in-
stance; that is, it is such that if not objected to, it would
have justified the Clerk in taxing the costs therein men-
tioned.

Where a disbursement is made to a witness, or incurred
by calling him into Court and thus becoming liable to pay
him, a statement of that disbursement is sufficiently ex-
plicit if it gives the name of the witness, the number of
days he has attended the Court, the number of miles he has

traveled, and the amount of money he has become entitled
to receive.   And its verification is ''as specific and formal
as the verification to a pleading," and is sufficient if the
party deposes that the items of the bill or statement are
correct, as the deponent verily believes, and that the liability
has been necessarily incurred.   But we are of opinion that
the objections filed by the appellant do not comply with
the requirements of the practice, as established in the cases
above cited.

When we compare the objections filed by the appellant
in this case with those suggested by Judge Wilson in *Wilson* v. *City of Salem*, we find a marked difference.   The latter specifies the particulars of the objection as follows: ''C.
D. did not attend as a witness only, but was a juror."   The
language of the objection in this case is, '' *It does not appear*
from said bill of disbursements or the affidavit thereto,
that the persons therein named as witnesses      *     *     *
actually attended Court the number of days charged, as
witnesses only."   The one presents an issuable fact in regard to the disbursement, and renders it necessary that the
adverse party admit the truth by his silence, or deny the
allegation by his oath.   The other alleges no fact, but
merely raises an issue of law as to the sufficiency of the
original cost-bill.

If any one of these witnesses did not travel the number
of miles charged, the objection should have named the witness, and should have stated that he did not travel as alleged.   If the witness came on other business and did not
travel or attend Court as a witness, the objection should
state the fact.   Such specification would point out at once
what additional fact ought to be set out by affidavit, and
would oblige the party claiming costs to file what has been
called an ''amended verification" or ''an amended verified
statement."   In other words, an affidavit containing material
facts, which are not shown in the original statement and
which meet and traverse or avoid the particular matter
specified in the objection, so as to put the Court in possession of all the material ''facts necessary to show the
justness of the claim."

The appellant has objected to the sufficiency of the bill filed, but not to any item or claim, according to the meaning and intent of the rule as laid down in the cases above cited. In those cases it was held that, "if this is not done, the objection may be passed without notice and all items not objected to are supposed to be admitted."

The objections filed by the appellant seem to have been drawn up under the impression that, for the purpose of taxing costs, the papers to be filed must set out the facts which show the party to be entitled to recover as fully as a complaint sets out the facts that constitute a cause of action. Such is not the construction of the statute intended to be expressed in the opinions above cited. It is true Judge Wilson says: "Each *item* should be briefly but particularly set forth, just as in a complaint each cause of action must be specifically set forth and must of itself show a right to recover." This I understand to assert that each item must be stated separately so as to be distinguishable from all others, as each cause of action must be stated separately in a complaint, but as these papers do not necessarily constitute a judgment-roll or make up a record of what was the subject of the litigation as do the pleadings, there is not, in taxing costs, a necessity for the same kind of statement in all particulars that there would be in a complaint filed in an action to recover the same money that is here claimed.

In passing upon the cases above cited, the Court endeavored to fix upon a convenient mode of practice. The intention of the Court was not to assimilate this proceeding to the trial of a cause, but, on the contrary, to make the business of taxing costs as simple as is compatible with correctness and certainty. To this end the Court provided by rule that no affidavit should be filed, except by the party claiming the costs or disbursements. The practice which the Court has endeavored to establish requires, in the first place, simply a cost bill or statement of disbursements, which must state the items separately, specifying the amount of each item, and for what it is incurred, and must be verified. If any part of it is objected to, the objection need not be on oath, but it must point out particularly in what respect the claim presented is wrong or unfounded.

As to any particular fact thus pointed out, the party who claims the item must state, on his oath, such additional facts, not stated in the original bill, as to present the truth in regard to the particular point specified in the objection, so that the Clerk, or the Court, by inspecting the original bill or statement, and the additional affidavit, sometimes called the "amended verified statement," can be informed of the truth of the matter pointed out in the objection. This is our understanding of the practice established by the cases above cited.    We think the objections filed in this case are too general, and that they do not point out any particular respect in which the claim is unfounded, and that no additional verification was rendered necessary.

The judgment of the Circuit Court should be affirmed.