# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

## JANUARY TERM, 1880.

THE STATE OF OREGON, EX REL. J. H. MAHONEY, RESPONDENT, *v.* J. D. McKINMORE ET AL., APPELLANT.

APPEAL—MOTION TO PERFECT, WHEN FILED.—A motion to perfect an appeal by filing a new undertaking must be filed before a motion to dismiss the appeal is brought on for hearing.

IDEM—AFFIDAVITS OF SURETIES, WHEN FILED.—Affidavits showing the qualifications of sureties to an undertaking must be filed contemporaneously with the undertaking.

IDEM—AMOUNT OF UNDERTAKING.—An undertaking on appeal must not be limited in amount.

APPEAL from Douglas County.

In this cause the respondent moves to dismiss the appeal: 1. For the reason that the undertaking is limited in amount to the sum of two hundred dollars. 2. Because no affidavits are filed, undertaking as to the qualifications of the sureties thereto. After this motion was called for argument and the counsel for respondent had opened the case, and while he was making his argument upon the motion, the counsel for appellants filed a cross-motion asking leave to file a new and sufficient undertaking.

By the Court, BOISE, J.:

In the case of *Cross* v. *Chichester*, 4 Or. 114, it was held by this court that it is too late to apply to the court to perfect the appeal by filing a new undertaking " after the motion to dismiss is brought on for hearing," and such has been the rule of practice since that decision; and we think

the rule laid down in that case is decisive of this point in this case, and that the appellant was too late in filing his motion to perfect the appeal by filing a new undertaking. In the case of *Holcomb* v. *Teal*, 4 Or. 352, it was held that the affidavits of the sureties in an undertaking on appeal as to their qualifications must be filed contemporaneously with the filing of the undertaking, and as there are no affidavits as to the qualifications of the sureties filed in this case, we must hold this undertaking insufficient unless we disregard the authority of that case, which we do not think we would be warranted in doing. It is also urged that this undertaking is not sufficient, for the reason that the obligation of the sureties is limited to the sum of two hundred dollars. The statute regulating appeals, page 219, sec. 528, provides that "the undertaking of the appellant shall be given with one or more sureties to the effect that the appellant will pay all damages, costs, and disbursements, which may be awarded against him on the appeal, but such undertaking does not stay proceedings unless the undertaking further provides to the effect following." * * * In order to perfect the appeal the appellant must comply with the statute, and give to the respondent all the security which the statute guarantees to him. It is not possible to ascertain before the appeal is tried the amount of the damages, costs, and disbursements that will be awarded to the respondent if the appeal is determined in his favor. If the appellant can limit the liability of his sureties to two hundred dollars, he may to any less sum. The law has limited the liability of the sureties to the damages, costs, and disbursements, and the respondent has a right to insist that the undertaking be not otherwise limited in amount. And it is a general rule that statutory bonds and undertakings, to be valid and binding as such, must in substance conform to the requirements of the statute. It is a statutory remedy that the appellant is seeking by his appeal, and in order to avail himself of it he must comply with the requirements of the statute.

We think that the undertaking is defective in binding the liability of the sureties.

The appeal will be dismissed.