[Filed April 7, 1890.]

## W. D. PUGH, RESPONDENT, *v.* GEORGE E. GOOD, APPELLANT.

DISBURSEMENTS—WITNESS FEES ALLOWED.—When the pleadings present a material fact, the party having the *onus* of proof may subpœna witnesses to support the issue on his part, and if such witnesses are not sworn because the adverse party at the trial admits the fact, thus rendering evidence unnecessary, such party, if he recover cost, may tax the fees of such witnesses as disbursements and recover the same off of the adverse party.

WITNESS NOT SWORN—WHEN CHARGES FOR NOT TAXABLE AS A DISBURSEMENT, AND WHEN TAXABLE.—If a witness attend upon the trial of a cause and is not sworn, the party causing him to be present cannot recover from the adverse party the expense incurred for such witness unless some sufficient reason exists which would legally excuse his failure to testify. It must be made to appear that his attendance was necessary at the time, but that by reason of some unforeseen event, or other sufficient cause, his testimony became unnecessary.

ISSUES—WITNESSES—COLLATERAL QUESTIONS.—A party is bound to assume that the only issues triable in a cause are made by the pleadings, and if he subpœna witnesses to testify to matters outside of such issues, he does so at his peril. In cases where collateral inquiries are permissible, a party may bring witnesses to testify in relation to the same, but before he can properly charge as disbursements the expense incurred in procuring the same, he must show that the attendance of such witnesses was necessary. *Jackson* v. *Siglin*, 10 Or. 93, approved and followed.

FEES OF OFFICERS—MUST BE AUTHORIZED BY STATUTE.—An officer can make no charge for any act performed by him by virtue of his office, unless the legislature has, by some statute, authorized such charge.

SERVICES BY SHERIFF—WHEN CONSTABLE AUTHORIZED TO ACT.—By the terms of section 2340, Hill's Code, if services be rendered by a sheriff in cases where a constable is authorized to act,—in a justice court, for instance,—he must charge the fees allowed by law to a constable for the performance of that particular service, and no more.

SOME ITEMS FOR WHICH THE STATUTE HAS PROVIDED NO COMPENSATION IN JUSTICE'S COURT.—The law has not specifically provided compensation in a justice's court for the following services, but the compensation provided covers and includes these items: Making copy of summons; certificate and return; making copy of subpœna; certificate and return on same; making copy of notice of appeal; return on same. Nor is a sheriff allowed, as a separate item, ten cents for making his return on subpœna in the circuit court.

· This is an appeal from the taxation of costs. The action was originally commenced in the justice's court for Salem precinct to recover $100 for work and labor alleged to have been done on the brick building situate at the northwest corner of State and Commercial streets, in the city of Salem, Oregon, now occupied by Gibson & Singleton as a drug store, and for making drawings and specifications therefor, and overseeing and superintending the work thereon, and for altering front of said brick building and fitting up same for a drug store,—all of which was furnished, rendered and performed to and for said defendant by said plaintiff's special instance and request, and all of the same was and is of the value of $100; and that said defendant promised and agreed to pay plaintiff said sum therefor. Then follows a statement that the amount is due and unpaid, etc. The answer was a denial.

The plaintiff had judgment in the justice's court for the amount claimed, from which an appeal was taken with the like result. The plaintiff then filed his bill for costs and disbursements of both courts, which amounted to $80.65. The defendant objected to various items thereof, and the plaintiff having filed his amended verified statement, the entire amount was taxed and allowed by the clerk, and upon appeal from such taxation, the court affirmed the same, declaring that the "finding and taxation of costs and disbursements by the clerk of the court are legal and cor- rect." From this judgment this appeal is taken.

*George H. Burnett,* for Appellant.

*W. M. Kaiser,* for Respondent.

STRAHAN, J., delivered the opinion of the court

. A proper disposition of this cause requires an examination of the defendant's objections to the items claimed as disbursements, and whether such items were properly taxable. The items of plaintiff's cost bill are as follows in the circuit court:·  .

| | | |
|---|---|---|
| Trial fee | $12 | 00 |
| Clerk's fees | 9 | 60 |
| Sheriff's fees | 19 | 80 |
| Attorney's fees | 5 | 00 |

Officers' fees in the trial of said cause in said justice's court as follows:

| | | |
|---|---|---|
| Justice's fees | 7 | 40 |
| Sheriff's fees | 6 | 25 |

Witness fees as follows in the trial of said cause in said circuit court:

| | | |
|---|---|---|
| W. F. Boothby, one day, two miles | 2 | 20 |
| Harry Gibson, one day, two miles | 2 | 20 |
| Harry Singleton, one day, two miles | 2 | 20 |
| W. H. Byrd, one day, two miles | 2 | 20 |

Witness fees in trial of said cause in said justice's court for Salem precinct as follows:

| | | |
|---|---|---|
| W. H. Byrd, one day, two miles | 1 | 70 |
| Henry Rogers, one day, two miles | 1 | 70 |
| W. F. Boothby, one day, two miles | 1 | 70 |
| Harry Gibson, one day, two miles | 1 | 70 |
| Total | $75 | 65 |

The defendant objected to the allowance of plaintiff's claim for mileage and attendance of witnesses in circuit court as follows: Harry Gibson, one day, two miles, $2.20; Harry Singleton, one day, two miles, $2.20; W. H. Byrd, one day, two miles, $2,20; because said Gibson and Singleton and Byrd were not necessary or material witnesses in said action, and as to said Byrd and Singleton, for the further reason that they were not sworn as witnesses in said circuit court. The defendant also objected to the allowance of plaintiff's claim for mileage and attendance of witnesses on justice's court as follows: W. H. Byrd, one day, two miles, $1.70; Henry Rogers, one day, two miles, $1,70; Harry Gibson, one day, two miles, $1.70, because said Byrd, Gibson and Rogers were not necessary or material witnesses in said action, and as to said Rogers,

for the further reason that he was not sworn as a witness at the trial of said action in the justice's court.

The plaintiff essayed to meet defendant's objections to the claim for the witness Rogers by the following statement in his amended verified statements: "Plaintiff alleges that the witness, Rogers, was necessary and material in the trial of said cause in the justice's court, for the reason that the defendant, by his answer, raised the issue as to whether or not said plaintiff performed the work sued for by plaintiff, and said Rogers was a material witness to show that plaintiff did superintend said work and labor on said drug store building, but he was not sworn for the reason that defendant, on the trial of said cause in said justice's court, admitted that plaintiff did said work and labor as alleged."

Opposed to the defendant's objections to the other witness fees, both in justice's and circuit courts, the amended verified statement of plaintiff contains the following: "The witnesses W. H. Byrd and Harry Gibson were necessary and material witnesses on the trial of said cause in said justice's court for the reason that the defendant made the defense therein in such trial, that the account sued for by plaintiff was assumed by said Harry Gibson and Harry Singleton, and that plaintiff was to look to them for his money; that this defense by defendant rendered it absolutely necessary to call said Harry Gibson and W. H. Byrd to dispute the same, which they did in said justice's court. That Harry Gibson, Harry Singleton, and W. H. Byrd were necessary and material in the trial of said cause on appeal in the said circuit court, for the reason it was necessary to have such witnesses subpœnaed on the trial of said cause in said circuit court; and plaintiff paid said witnesses their fees in advance by the said sheriff; that the defendant never notified plaintiff that he would abandon said defense relied on in said justice's court; that said witnesses were not sworn for the reason that defendant abandoned such defense in the circuit court, and said plaintiff had every reason to believe that defendant would

attempt the same defense in the circuit court, which would render said witnesses necessary.   The defendant attempted by such defense in said justice's court to show his non-liability to plaintiff, and by these witnesses plaintiff could show that the account had not been transferred to or assumed by said Gibson and Singleton, and that said plaintiff had no knowledge of any such transfer or assumption of said account sued on."

The clerk of the circuit court overruled defendant's objections to the various witness fees, not because the witnesses were shown to be material in the prosecution of the action, but because, as he puts it in his allowance, "they were regularly subpœnaed and paid for their attendance."   The sheriff charged $19.80 for his fees in the circuit court and the defendant objected to the entire amount except the following items:

| | |
|---|---:|
| Serving notice of appeal _____ _____ $ | 25 |
| Making and delivering copy of notice of appeal _____ | 40 |
| Mileage, serving notice of appeal, two miles _____ | 20 |
| Serving subpœna on W. F. Boothby _____ | 25 |
| Making and delivering copy of subpœna _____ | 10 |
| Mileage, serving same two miles _____ | 20 |
| Amount _____ $1 | 40 |

The sheriff charged $6.25 for his fees in justice's court, and defendant objected to all of that sum except the following, which are taken from the schedule of constable's fees established by law, as the service could have been performed by a constable and is paid for by constable's fees:

| | |
|---|---:|
| Serving justice's summons _____ $ | 50 |
| Mileage on same, two miles _____ | 20 |
| Attending court _____ | 50 |
| Serving subpœna on W. F. Boothby _____ | 50 |
| Mileage on same _____ | 20 |
| Amount _____ $1 | 90 |

The appellant claims that these are the only services performed by the sheriff in either court for which he is permitted to make any charge, and that the amount allowed by law for the same is correctly set out in his objections.

The following are the charges of the sheriff for services in the justice's court which are claimed to be illegal for the reason that the schedule of constable's fees makes no allowance for the same:

| | | |
|---|---|---|
| Making copy of summons | $ | 20 |
| Serving copy of complaint | | 50 |
| Five charges for certificate and return | 1 | 25 |
| Four charges for copying subpœna | | 80 |
| Making copy of notice of appeal | | 30 |
| Serving same | | 50 |
| Mileage on same | | 20 |
| Return on same | | 10 |

The following are excessive and unnecessary:

| | | |
|---|---|---|
| Excessive mileage on service of summons | | 40 |
| Serving three subpœnas (immaterial witnesses) | 1 | 50 |
| Mileage on same | | 60 |

| | | |
|---|---|---|
| Total overcharge in justice's court | $6 | 35 |

It is claimed by the appellant that the following are the only items for services by the sheriff in the circuit court properly taxable:

| | | |
|---|---|---|
| Serving notice of appeal | $ | 25 |
| Making and delivering copy of notice of appeal, four folios at ten cents | | 40 |
| Mileage serving same, two miles | | 20 |
| Serving subpœna on W. F. Boothby | | 25 |
| Making and delivering one copy of same, one folio | | 10 |
| Mileage on same, two miles | | 20 |

| | | |
|---|---|---|
| Total | $1 | 40 |

The appellant claims that the following charges by the sheriff are illegal because there is no law providing for their payment:

| | |
|---|---:|
| Four returns on subpœnas | $  40 |
| Mileage to pay fees advanced | 60 |

The following are excessive and unnecessary:

| | |
|---|---:|
| Excessive charges copying one subpœna | 10 |
| Excessive mileage serving one subpœna | 20 |
| Serving three unnecessary subpœnas | 75 |
| Copying same | 60 |
| Mileage on same | 1 20 |
| Total overcharge in circuit court | $3 85 |

These several charges will now be separately examined—first, as to the claim for witness fees paid Henry Rogers. I think the answer presented an issue as to whether or not the plaintiff performed the work and labor mentioned in the complaint, and the plaintiff had the right to subpœna witnesses to support his allegations, and that in such case, if the defendant upon the trial conceded that the plaintiff did the work, thereby rendering it unnecessary to call witnesses to prove it, he may still charge for the attendance of such witnesses. The allowance for Henry Rogers' attendance in the justice's and circuit courts is affirmed.

2. Henry Gibson and W. H. Byrd attended as witnesses in the justice's court and were not sworn, and the plaintiff seeks to recover for their attendance. If a witness attend upon the trial of a cause and is not sworn, the party causing him to be present cannot recover from the adverse party the expense incurred for such witness, unless some sufficient reason exists which would legally excuse his failure to testify. In other words, it must be made to appear that his attendance was necessary at the time, but that by reason of some unforeseen or other sufficient cause it become unnecessary for such party to cause such witness to be sworn. The plaintiff has assumed this to be the law and has endeavored to give a reason why these wit-

nesses were not sworn. According to his version of the
matter, it was to meet an issue not made by the pleadings.
This he could not properly do. He was bound to assume
that the only issues triable in this cause were such as were
made by the pleadings, and if he subpœnaed witnesses to
testify to matters outside of such issues, he did so at his
peril. No doubt there may be cases where collateral
questions may be inquired into upon the trial, and a party
may bring witnesses to testify in relation to the same, but
before he can properly charge as disbursements the
expense incurred in procuring the attendance of such wit-
nesses, he must show that the attendance was necessary.
The attendance seems to have been unnecessary, and the
witnesses not having been sworn or testified in the cause,
the items objected to must be disallowed.

3. Harry Gibson, Harry Singleton and W. H. Byrd also
attended as witnesses in the circuit court, but they were
not sworn, and the reason given for their attendance in
the amended verified statement is wholly insufficient, and
the claim for their per diem and mileage for attendance in
that court must be disallowed for the same reasons stated
respecting Byrd and Gibson.

4. The next objection is to the charge made for fees
paid to the sheriff for services in said cause rendered in the
circuit court amounting to $19.80. The defendant con-
cedes he is entitled to $1.40 and no more. It was held by
this court in *Jackson* v. *Siglin*, 10 Or. 93, that the statutes
which give costs are to be construed strictly, and that the
rule is inflexible that an officer can demand only such fees
as the law has fixed and authorized for the performance
of official duties. And on every occasion where the ques-
tion has been presented to this court, charges for construc-
tive services have been constantly disallowed, and it would
seem too plain for argument that an officer can make no
charge for any act performed by him by virtue of his office
unless the legislature has by some statute authorized such
charge. The sheriff's claim is itemized, and inasmuch as
the items occur in chronological order, it will be most

convenient to consider the claim for services rendered in the justice's court and the circuit court together, but a different rule is provided by statute as to amount of compensation. If the service were rendered in a justice's court, the sheriff must charge the same amount allowed a constable for that service, and no more; and if rendered in any court where a constable is not permitted to act, his fees are governed by the sheriff's schedule of fees. Hill's Code, § 2340. The following charges are made by the plaintiff for money alleged to have been paid for services in the justice's court for which the law has provided no compensation, and the same are not, therefore, taxable as disbursements, but the compensation provided must be intended to include these items:

| | | |
|---|---:|---:|
| Making copy of summons | $ | 20 |
| Serving copy of complaint | | 50 |
| Certificate and return | | 20 |
| Making copy of subpœna | | 20 |
| Certificate and return | | 20 |
| There are three other copies of subpœnas with a certificate and return, for each amounting to | 1 | 20 |
| Making copy of notice of appeal | | 30 |
| Return | | 10 |
| Serving subpœna on Gibson and Byrd, 50 cents each | 1 | 00 |
| Total | $3 | 90 |
| To which must be added per diem claimed for Gibson and Byrd and disallowed | 3 | 40 |
| Total disallowed in justice's court | $7 | 30 |

When the sheriff consents to act as constable and to discharge duties which a constable is authorized to perform, he can charge no other or different fees than are allowed by law to a constable for the same services; and if as sheriff he may charge for making copies pertaining to service of papers in courts of record, he cannot do it in justices' courts.

The following charges for disbursements in the circuit court are claimed by the plaintiff and disallowed:

| | | |
|---|---|---|
| Four returns by sheriff, 10 cents each _____$ | | 40 |
| Mileage to pay fees advanced _____ | | 60 |
| Henry Gibson _____ | 2 | 20 |
| Harry Singleton _____ | 2 | 20 |
| Dr. Byrd _____ | 2 | 20 |
| Serving three unnecessary subpœnas _____ | | 75 |
| Copying same _____ | | 60 |
| Mileage on same _____ | 1 | 20 |
| Total overcharge in circuit court _____$10 | | 15 |
| Add amount disallowed in justice's court _____ | 7 | 30 |
| Total _____$17 | | 45 |

This amount must be deducted from $57.62, the amount allowed the respondent in the court below, leaving the amount of costs and disbursements which the plaintiff is entitled to recover $40.17. The defendant objected in the court below to the amount of fees claimed by the clerk, and pointed out the several items which he claimed were taxable and that none others were proper; but he did not argue his objections here, and we therefore express no opinion in relation to the same.

The judgment of the court below is modified in the particulars above specified, and in all other respects it is affirmed.