QUALLEY et al. v. AITKEN.

HAGAN v. WILLIAMS et al.

(Fourth Division.  Fairbanks.  January 16, 1911.)

Nos. 1205, 1381.

1. COSTS (§ 189*)—STENOGRAPHER'S FEES.
     There is no provision in the Code for taxing the services of
stenographers as costs, and, in the absence of a stipulation that
stenographers' fees shall be taxed against the losing party in the
action, such fees cannot be allowed.

     [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 744–749;
Dec. Dig. § 189.*]

2. COSTS (§ 178*)—SURVEYOR—FEES.
     Services rendered by a surveyor under order of the court
instructed to survey the subject-matter of the action, and al-
lowed by a prior judge at a preceding term of court, overruled.

     [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 708–711;
Dec. Dig. § 178.*]

3. COSTS (§ 154*)—DEPOSITIONS.
     Expense of copies of depositions used by the attorneys and al-
leged to be of great value in the preparation of the case dis-
allowed; copies of such depositions are not taxable as a prop-
er disbursement, unless for some reason the original, which is
always filed with the clerk, has become destroyed or lost,
through no fault of the party prevailing, and it becomes nec-
essary at the trial, and the use of copies of the original is per-
mitted.

     [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 596–604;
Dec. Dig. § 154.*]

4. COSTS (§ 186*)—WITNESSES.
     The item in the cost bill charging 30 days' time for a witness
at $4 per day, who came from Iditarod, a distance of some
500 miles from Fairbanks, without subpœna, no mileage being
charged, called in court but one day, was objected to, and ob-
jection sustained, except for the one day.

     [Ed. Note.—For other cases, see Costs, Cent. Dig. § 737;
Dec. Dig. § 186.*]

5. COSTS (§ 184*)—MILEAGE AND PER DIEM.
     Where a witness was necessary and material, and appears
before the court for the purpose of testifying, whether sub-
pœnaed or not, he is entitled to fees for the actual number of

days called, and for mileage not beyond 100 miles; beyond that distance, if a witness is desired, a special subpœna or deposition must issue, under section 630, chapter 59 of the Code of Civil Procedure.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 715–736; Dec. Dig. § 184.*]

The court has for convenience combined the two titles, and has the following findings and rulings to make, with reference to the proper items and procedure to be followed in this judicial division with reference to cost bills and proper disbursements, under chapter 52, pt. 4, of the Alaska Code:

The first title is before the court by reason of having granted a continuance, on motion of attorney for defendant, at which time the court took under consideration the question of terms to be imposed as the condition of granting a continuance, under section 169, c. 15, pt. 4, of the Code; a witness at the time being in attendance in court in the action, having reported voluntarily, upon request by telegraph from the attorney for the plaintiffs, from Hot Springs, a distance of 105 miles from Fairbanks.

The second title is before the court upon an appeal on the taxation of costs allowed by the clerk of the court. While objections were filed to the cost bill by the prevailing party in the action, they were held by the clerk not to have been filed within the time allowed under section 516 of the Code, from which ruling the appeal was taken. It appears that in this title a decree was entered in this court on the 9th day of July, 1910, and the cost bill was filed upon the 14th day of July, being within five days, the time provided by the section above mentioned of the Code, during which time, if a cost bill be filed, a copy of same need not be served upon the opposite party. It appears that objections to the cost bill were not filed until the 18th of July, 1910.

At the hearing before the court the attorneys for the defendants urged error in the ruling of the clerk upon two grounds: First, that the objections filed upon the 18th of July were within the two days' time allowed under section 516, upon the theory that the proper computation of time would exclude the 15th

day of July, and, the 16th being on Sunday, the 18th would be the second day, and within the time, under such computation, they would have legally to file their objections; second, that regardless of the expressed provisions of the Code, 516, that a copy of the cost bill need not be served on the opposite party, when filed within five days' time after the rendering of judgment or decree in the action, there is a rule of court requiring that notice of all papers be filed upon the opposite party.

The court found against the defendants' contentions, and allowed them additional time to make a showing, if any they had, why the judgment of the clerk in taxing the costs might not be set aside, upon the ground provided in section 93, c. 11, of the Code, for mistake, inadvertence, surprise, or excusable neglect, upon which showing the court found sufficient grounds to allow the judgment above mentioned to be set aside, and gave the attorneys for the plaintiffs additional time in which to file their amended verified statement to the cost bill.

In Qualley et al. v. Aitken:
   Wickersham, Heilig & Roden, of Fairbanks, for plaintiffs.
   John L. McGinn, of Fairbanks, for defendant.

In Hagan v. Williams et al.:
   Brown & Clegg, for plaintiff.
   Stevens, Roth & Dignan, of Fairbanks, for defendants.


OVERFIELD, District Judge. The first question raised in the cost bill is the item of $450 paid by the prevailing party to L. R. Gillette, for reporting the evidence in the cause for 22½ days at the rate of $20 per day.

The court is obliged to sustain the objection of the defendants, on the ground that there is no provision in the Codes for an official stenographer, nor for his fees; that in the absence of expressed stipulation between the parties to an action that a stenographer shall be employed, and the additional stipulation that the costs for the same shall be taxed against the losing party in the action, such fees cannot be allowed. 11 Cyc. p. 1125; Monahan v. Godkin (C. C.) 100 Fed. 196, and cases therein cited.

The second item, the sum of $990, charged as a disburse-ment, and paid to C. E. Davidson, for services rendered under an order of court dated May 14, 1910, with reference to the subject-matter of the action, at the rate of $25 per day and his expense; it appears from the records of Judge Lyons, then presiding in this judicial division, that it included within the order of appointment a provision that the costs resulting by reason of the appointment of Davidson be taxed to the losing party, which provision was reiterated in the order discharging Davidson. It therefore appears to me that the question of the right or jurisdiction of this court to make such an order is not before the proper tribunal, and the objection will have to be overruled to the item.

The third item is for the following amounts for copies of depositions:

$21.00 for copy of deposition of F. H. Smith.
$20.50      "          "        H. L. Wilson.
$50.00      "          "        Sam Hagan
$ 9.50      "          "        Jack Jonson.
$25.00      "          "        Thomas F. Armstrong.

The reasons assigned for these items is that the copies were necessary and convenient to the attorneys in preparation for trial, and were actually used and of great value to the attor-neys in the preparation of the said case for trial; and that the items specified were incurred in good faith, and solely for the reasons mentioned.

Copies of depositions taken under expressed stipulation of the parties, under the provisions of the Code, and attempted to be taxed as costs, is a question already settled in Oregon, and in the majority of states, where the statutory provisions are similar or analogous to those in force in Alaska. Copies of such depositions are not taxable as a proper disbursement, un-less for some reason the original, which is always filed with the clerk, has become destroyed or lost, through no fault of the party prevailing, and it becomes necessary at the trial, and the use of copies of the original is permitted.

The rule may be stated to be that copies of depositions prop-erly taken, to be used at the trial, cannot be taxed to the pre-

vailing party, unless valid reasons appear why their use becomes necessary, as distinguishable from desirable or more convenient. I can see no reason here given, which is contemplated by law, for the use of the copies in this case. The items are therefore disallowed.

The fourth is an item of three days' attendance and 20 miles' mileage for Thomas F. Armstrong, a witness whose testimony in the action is alleged to have been necessary and material, and who was actually in attendance upon the court for more than three days, and that his place of residence is Engineer Creek, a distance of at least 20 miles from Fairbanks; and such attendance was required by subpœna issued out of this court.

Upon an inspection of the record in the clerk's office, it appears that the witness was in attendance, and was actually called as a witness upon the stand, in the trial, on three different days, and, having been subpœnaed, is entitled to mileage to the extent of 20 miles. The objections are therefore overruled and the item allowed.

The fifth is an item of 30 days' attendance, at $4 per day, for Al Raap, a necessary and material witness in the trial, who came from the Iditarod, a distance of some 500 miles from Fairbanks, without subpœna, no mileage being charged, but that he was actually in attendance on said court for the purpose of testifying in said cause the number of days charged in the bill. The amended verified statement, however, does not mention the days the witness is alleged to have been in attendance on the court, and, upon an inspection of the record, the court finds that Raap was called but one day; and in the absence of such showing as the court has indicated heretofore that the cost bills should do, and no subpœna in this case having been issued, the objections are sustained to this item, with the exception of one day, the day that the record showed the witness was called to the stand in the case.

The sixth item is for one day and mileage, 20 miles, for the witness Olie Moe, who was subpœnaed and whose residence is Engineer Creek, objection to which item is overruled.

The seventh is an item of 20 days' attendance as a witness

by Norman McDonald. The amended verified statement fails to mention the days the witness attended the court, and, having carefully gone over the matter, I find from the records of the court that the witness was called but one day; that no subpœna was issued for him. The objections are overruled, and one day's attendance allowed, and mileage, the reasons for which will be hereinafter given.

The eighth item is for one day's attendance of the witnesses Peter Malone, L. L. James, John Healey, L. B. Rhodes, R. M. Crawford, J. E. Dougherty, and two days for Ray Klumb. The objections are overruled; the items are allowed, with the exception of one day only is allowed for the witness Ray Klumb.

The ninth is an item asking for one day's attendance and 20 miles' mileage for the following witnesses: Sam Moe, Julius Allegarst, Jack Jonson, Joe Voegtlin, Chris Teensen, John Saulich, Bert Anderson, Joe Morman, Martin Sather, George Lamontague, and J. M. Pickel. The amended verified statement is again defective, in not giving the residence of these witnesses, but, under the circumstances, the court will bear with the plaintiff in this instance, and allow the amounts, upon the assumption that these witnesses were probably from Engineer Creek, where the others appeared from, and 20 miles is the distance undisputed from Engineer Creek to Fairbanks. The objections to these items are therefore overruled, and the clerk may allow the items hereinabove mentioned accordingly.

The tenth item for consideration is with reference to the taxation of mileage and per diem of a witness who traveled from Hot Springs, Alaska, admittedly 105 miles from Fairbanks, to attend the trial in the first-mentioned title herein, and who was in attendance upon the court when the matter came before the court for trial, at which time the court granted a continuance, upon motion of the attorney for defendant. The question is thus fairly presented to the court, as is some of the items already mentioned, of whether a witness is entitled to a fee for mileage or attendance upon this court, when not subpœnaed, and, if so, in what distance. I have given the matter considerable attention and consideration, and am of opinion

that the proper rule is that a witness, upon proper showing that his testimony was necessary and material to the action, and he comes before this court in good faith for the purpose of such witness alone, whether subpœnaed or not, is entitled to witness fees for the actual number of days called as a witness in the case, and mileage for the distance within 100 miles of the court. Beyond that distance, by special provision of the Code, § 630, c. 59, if a witness is desired for special reasons, and his oral testimony is desirable before the court or jury, to explain plats, documents, etc., and this cannot be well accomplished in a deposition, a special subpœna is provided, which, upon proper application to the court, is granted, and which entitles the party to the presence of the witness in court.

For this reason, and the further fact that depositions may be taken within the district of Alaska or a witness who resides more than 100 miles from the court, and the rights of the parties thus protected, it seems that mileage fees for a witness voluntarily appearing from a distance of more than 100 miles cannot be allowed.

While many good reasons have moved the courts to contrary conclusions with reference to the subject-matter, and the different Circuit Courts of the United States sustain different views, yet I think it may be said that the majority of the federal courts grant witness fees upon a proper showing, and mileage to a witness, though not subpœnaed, when resident beyond a hundred miles, and appear in good faith in an action pending. The reasoning seems to be that such ruling saves expense in litigation, particularly of serving subpœna upon witnesses, and that it is desirable, whenever possible, to prevent expense in litigation, an object aimed at in decisions upon the question of cost bills.

It would undoubtedly be a great saving to parties in litigation, in this judicial division, to be able to bring a witness to this court from the Iditarod, Circle, Rampart, or Tanana without a service of subpœnas, but I am of opinion that this court is bound, to a certain extent at least, by decisions of the circuit court of Oregon upon this branch of the law, for the reason that our section, with reference to the subject-matter, was

adopted bodily from the Oregon Code. This is particularly true for the reason, so far as I am aware, the subject-matter has not been decided in this judicial division, and with but one exception the question has not been passed upon and recorded in the reports for the territory of Alaska. The single exception is that of Graeco-Russian Church v. Cohen, 1 Alaska, 32, in which case Judge Bugbee held that whether the witness came 100 miles or more, and appeared as a witness in an action, he would be entitled to mileage, and would be entitled to witness fees only for the day on which he appeared as a witness in the action. It does not appear from this decision that the Supreme Court decisions of Oregon were brought to the attention of the Court at that time.

It therefore appears to me that what has been above stated to be the procedure and law followed in this district is well amplified by the reasons given in the following decisions: Crawford v. Abraham, 2 Or. 163, 1886; Wilson v. City of Salem, 3 Or. 482; Lumber Co. v. Garrett, 28 Or. 168, 42 Pac. 129; Perham v. Portland Gen. Elec. Co., 33 Or. 451, 53 Pac. 24, 40 L. R. A. 799, 72 Am. St. Rep. 730; Luckey v. Lincoln Co., 42 Or. 331, 70 Pac. 509; Egan v. Finney, 42 Or. 599, 72 Pac. 133.

The federal decisions, which more than amplifies the rule already laid down in Oregon, in the cases cited, cannot be better stated, nor the reasons therefor, than given by Judge Hawley in Hanchett v. Humphrey (C. C.) 93 Fed. 895, and the cases therein cited, which ruling was reaffirmed unmistakably in a recent case in United States v. Southern Pac. Co. (C. C.) 172 Fed. 909, delivered in 1909 by Judge Bean.

The proper procedure to be followed in filing cost bills I have already announced, which is briefly: That the prevailing party must file with the clerk his cost bill, which should state the items specifically. For instance, the name of the witness, the day of appearance in court, the number of miles traveled, giving the name of the place of residence, so the court has something before it in case objections are filed to the same. Then if, within the time allowed by the Code, the opposite party desires to file objections, and they do so, those objections

should be specifically set out as to the items objected to, and in detail, and the reasons for the objections. Cross v. Chichester, 4 Or. 114. It then becomes incumbent upon the prevailing party in turn to file his amended verified statement. This procedure is more or less illustrated and given in detail in the case of Wilson v. City of Salem, 3 Or. 482; Jackson v. Siglin, 10 Or. 93; Pugh v. Good, 19 Or. 85, 23 Pac. 827.

It will thus be seen that the amended verified statement should go into detail to substantiate each of the items set out in the original cost bill, to which objections have been filed. It would therefore appear unnecessary to consider in the amended verified statement items to which objections had not been taken.

The clerk will retax the matters in the above titles as herein specified.