## REIDY v. MYNTTI et al.
### No. 4067.

District Court of Alaska. Fourth Division. Valdez.
Jan. 10, 1940.

640

[redacted]

John L. McGinn, of Fairbanks, for plaintiff.
Cecil H. Clegg, of Fairbanks, for defendants.

HELLENTHAL, District Judge.

This matter is before the court on defendants' appeal from the decision of the clerk of court, allowing costs and disbursements claimed by the plaintiff, and involves the following: First, the allowance by the clerk of witness fees to Robert Lyle, six days at $3 per day, $18; second, the allowance of actual expenses to Grace Hard of Ophir for thirteen days at $5 per day; third, the allowance of actual expenses to Grace Hard for airplane fare from Ophir and return, $82.80; fourth, the allowance to Irwin McQuire of eight days' actual expenses, $40; and fifth, the allowance to Irwin McQuire of airplane fare from Ganes to Fairbanks, $50.

Under the Laws of Alaska, Comp.Laws 1933, § 429, 48 U.S.C.A. § 25, witness fees consisting of per diem and mileage, or actual expenses in lieu thereof, are allowed under rules and regulations promulgated by the Attorney General of the United States of America. The rules in effect at the time of the trial of this case, which were effective until November 1, 1939, are as follows:

"For attendance on the District court or before any officer other than a commissioner pursuant to law, and for the time necessarily occupied in going to and returning from the same, in the Fourth Division, $3.00 per day. For the distance actually and necessarily traveled in going to and returning from the place of such attendance per mile 15¢.

      *     *     *     *     *     *     *     *

"Provided further. That a witness subpoenaed from a point 100 miles or over from the place of holding court may elect to receive his actual necessary expenses of travel and subsistence in lieu of mileage hereinbefore provided."

██ The first item in controversy relates to witness fees to Robert Lyle—6 days at $3 per day. This item was objected to by the defendants, (a) Because the item is excessive and unauthorized by law; (b) On the ground that it was not shown that the witness was subpoenaed and on the ground that the witness was in attendance two days only when he was called and testified in said cause. The plaintiff filed an affidavit in which it is alleged that Robert Lyle was in attendance in court for a period of 6 days, this being the only proof offered and before the court and the regulations provide that for attendance on the District Court the witness shall be allowed $3 per day, and the regulations do not require that the witness be subpoenaed. It follows that this amount was rightfully allowed by the clerk.

██ Objection 2, involves the item relating to Grace Hard's attendance which is objected to because (a) That it is excessive and unauthorized by law; (b) That the prescribed fee for a witness attending said court as fixed by the Attorney General is $3 per day; (c) That no showing is made that said witness was necessarily absent from her usual place of abode for the period; and (d) On the ground that the files of said cause fail to show that said witness was legally subpoenaed at Ophir, Alaska, or elsewhere. The regulations provide that in order to entitle a witness to actual expenses in lieu of mileage and per diem, that a witness must be subpoenaed from a point a hundred miles or over. The affidavit in this case does not show that the witness was subpoenaed or that an order was made by the District Court making said subpoena effective for over a hundred miles in accordance with Section 4206, C.L.A. It will be noted that the provision for actual expenses in lieu of per diem and mileage expressly requires that a witness

be subpoenaed. The court is of the opinion this is a mandatory requirement and since no showing is made that the witness was subpoenaed or that an order was issued under Section 4206, the witness is not entitled to recover actual expenses, but is confined to her per diem of $3 per day, and mileage. The court, therefore, is of the opinion that the $65 allowed should be reduced to $39.

The same reasoning applies to item No. 3 which the court has applied to item No. 2, item No. 3 being for airplane fare from Ophir and return, $ 82.80. For the reason stated, the court is of the opinion that the clerk was in error in allowing $82.80. The clerk should have allowed mileage for 100 miles and return, being 200 miles at 15¢ per mile or $30, as was held in the case of Qualley v. Aitken, 4 Alaska 291.

Item No. 4 relates to 8 days' attendance for which $5 per day was allowed Irwin McQuire, or a total of $40. The same principle involved in item No. 2 is involved in this item and in accordance therewith, the amount should be reduced from $40 to $24.

Item No. 5 involves airplane fare from Ganes to Fairbanks, $50. The reasoning applied to item No. 3 applies to item No. 5, and the $50 should be reduced to $15.

This case differs from the case of Dennis Coyle v. Theobaldo Forno, No. 3597 of this court,[1] in which case actual expenses were allowed, in that a showing was made in that case that the witnesses had been subpoenaed and therefore the allowance in that case came under the regulations promulgated by the Attorney General.

---

[1] Affirmed in 75 F.2d 692, 5 Alaska Fed. 758.