**HUMPHRIES et al. v. STARNS et al.**

No. A–4979.

United States District Court, Alaska Third Division, Anchorage.

Dec. 30, 1949.

McCutcheon & Nesbett, Anchorage, Alaska, for plaintiffs.

Hellenthal, Hellenthal & Cottis, Anchorage, Alaska, for defendants.

DIMOND, District Judge.

Defendants have filed objections to plaintiffs' amended cost bill, the controversial items of which are as follows:

"Witness fees:

| | | | |
|---|---|---|---|
| Harry Prator | 7 days @ $6.00 | $42.00 |
| Jack Barrett | 7 days @ $6.00 | $42.00 |
| Harry Andrews | 7 days @ $6.00 | $42.00 |
| Frank V. Jones | 7 days @ $6.00 | $42.00 |
| Howard Robinson | 7 days @ $6.00 | $42.00 |
| Jack Castlio | 7 days @ $6.00 | $42.00 |
| Dorothy Cavin | 7 days @ $6.00 | $42.00 |
| Eldon Helgelien | 7 days @ $6.00 | $42.00 |
| | | $336.00" |

"Expenses incurred in travel for Attorney William Alward from his home in Herington, Kansas to Anchorage, Alaska and return to represent plaintiffs in default proceedings held in above case on or about the 13th day of May, 1948 ..................... $857.28

"Mileage fees:

"Vern Humphries, from Kansas City to Anchorage, Alaska and return for default proceedings and for trial of action @ 10¢ per mile from Kansas City to Juneau, Alaska, and @ 22¢ per mile from Juneau to Anchorage, Alaska....... $1,714.16

"Marvin Campbell, from Kansas City to Anchorage, Alaska and return for default proceedings and for trial of action @ 10¢ per mile from Kansas City to Juneau, Alaska, and @ 22¢ per mile from Juneau to Anchorage, Alaska....... $1,714.16

"Vern Humphries — days necessarily absent from home —13 days @ $6.00 per day $78.00

"Marvin Campbell — days necessarily absent from home—13 days @ $6.00 per day ..................... 78.00"

1. The defendants object to the allowance of $3 for marshal's fees for service upon the defendant Glen Phillips, upon the ground that no judgment was entered against that defendant. This objection should be sustained, 20 C.J.S., Costs, § 215, p. 452, the text reading as follows: "Where part of the defendants are successful and part are unsuccessful, the cost of bringing the successful defendants into court should be taxed against plaintiff and not against the unsuccessful defendants." This rule is stated in Victor v. Adams, 1926, 140 Miss. 643, 106 So. 433, 435.

2. The defendants next object to all witness fees above the sum of $3 per day. With respect to this objection it is first necessary to look to the pertinent statutes. Section 25, 48 U.S.C.A. provides: "In case the law requires or authorizes any services to be performed or any act to be done by any official or person within the Territory of Alaska, and provides no compensation therefor, the Attorney General may prescribe and promulgate a schedule of such fees, mileage, or other compensation as shall be by him deemed proper for each division of the court, and such schedule shall have the force and effect of law; * * *".

Sec. 55-11-52, A.C.L.A.1949 provides that:

"Costs are allowed, of course, to the plaintiff upon a judgment in the district court in his favor in the following cases:

"Fifth, In an action not hereinbefore specified, for the recovery of money or damages, when the plaintiff shall recover fifty dollars or more."

Sec. 55-11-55, A.C.L.A.1949 provides: "A party entitled to costs shall also be allowed for all necessary disbursements, including the fees of officers and witnesses, * * * witness fees for each day a witness is necessarily absent from his usual place of abode by reason of attendance upon court, with traveling expenses at fifteen cents per mile actually and necessarily travelled * * *"

On the basis of these statutes, the Attorney General issued a schedule of fees for witnesses, effective February 1, 1945, in

which it provided that the witnesses should have:

"For attendance on the district court * * * and for time necessarily occupied in traveling from their residence and returning from the place of trial or hearing, per day $3.00.

"In addition to the above, witnesses * * * who attend court * * * at points so far removed from their respective residences as to prohibit return thereto from day to day, shall when this fact is certified to in the certificate of the United States Attorney or order of the commissioner for payment, be entitled to a per diem of $3 for expenses of subsistence for each day of attendance and for each day necessarily occupied in traveling to attend court and return home * * * $3.00."

■ Accordingly, witnesses are entitled to more than $3.00 a day, when they reside too far from the court to return home at night. The cost bill is defective in that it does not set forth the place of residence of the witnesses. Qualley v. Aitken, 4 Alaska 291, 296. The court cannot charge defendants with subsistence for the witnesses since they may be able to return to their places of residence at the end of each day. On the basis of the amended cost bill as submitted, the objection must be sustained.

■ 3. The amended cost bill asks that witness fees be allowed each of eight witnesses for a period of seven days. If it is necessary for a witness to be in attendance throughout a long trial he is entitled to witness fees even though the trial was an extended one. Donato v. Parker Pen Co., 1945, 7 F.R.D. 148. In the case of Qualley v. Aitken, supra, the cost bill contained an item charging witness fees for 30 days attendance; however, this witness had not been subpoenaed and there was no showing in the cost bill as to the number of days he was in attendance, although court records show that he was only called to testify one day. The court allowed witness fees for only one day. If a material witness who testifies is required to remain in attendance throughout the trial such attendance is presumed necessary in the absence of a showing to the contrary, and the per diem may be allowed for each day he was in attendance whether he testified or not. United States v. Hoxie, 1930, 8 Alaska, 210. It has also been held that where plaintiff's affidavit that witness was in attendance in court for six days was the only proof offered, allowance of witness fees for six days was proper. Reidy v. Myntti, 1940, 9 Alaska 639.

■ It is now necessary to determine whether the information set forth in the amended cost bill is sufficient to justify allowance of fees for six days for each of the eight witnesses named. The statements in the amended cost bill on this point are brief in the extreme, and do not show that these witnesses were ever in attendance or that any of them testified. The plaintiffs may not be allowed such fees on the basis of the amended cost bill as it now stands.

■ 4. The amended cost bill also contains a charge of $857.28 as expenses incurred in travel by Attorney William Alward from his home in Kansas to Anchorage and return, to represent plaintiff in default proceedings held in this case on or about May 13, 1948. The record is barren of anything to show that Mr. Alward ever appeared as attorney for the plaintiffs in this action. Nothing in the law authorizes the payment of traveling expenses of an attorney, who resides in one of the States, to Alaska and return, in order to represent the prevailing party in any suit in the District Court of Alaska. Evidently, the item of costs covering the traveling expense of William Alward is not based upon any claim for attorney's fees. The defendants' objections to this item in the cost bill are sustained.

■ 5. The defendants object to the mileage fees charged for plaintiff Vern Humphries on several grounds. The objection based upon the ground that Humphries is a party to the action is not tenable. Forno v. Coyle, 9 Cir., 1935, 75 F.2d 692, 695. The further objections of defendants that plaintiff Humphries did not testify is completely without basis in fact since the record shows that he did testify at some length. The circumstances that plaintiff Humphries testified voluntarily rather than under subpoena, does not deprive him of

the right to witness fees. Gallagher v. Union Pacific Ry., 1947, 7 F.R.D. 208, 209; Qualley v. Aitken, supra.

The question then arises whether mileage should be allowed for the entire trip or for only a part thereof. A majority of the Federal decisions hold that mileage is recoverable only for such distances as is necessarily traveled by a witness from a point to which a subpoena will run. 20 C. J.S., Costs, § 245, pages 479, 480; Kirby v. United States, 9 Cir., 1921, 273 F. 391, 396. In the year 1926 when the law now embraced in Section 58-3-7, ACLA 1949 was in effect, the Court of Appeals for the Ninth Circuit held that a subpoena issued by the District Court of Alaska will run to any point in the Territory, which is really one Judicial District. Deal v. United States, 11 F.2d 3, 8, 9. In this opinion the words "District" and "Territory" appear to have been used interchangeably. Upon appeal, the Supreme Court disagreed, but that disagreement was apparently based upon the theory that the word "District" means something else than the word "Territory" as applied to the Judicial District and Territory of Alaska. Moreover, it is common knowledge that every divisional branch of the District Court of Alaska has Territorial jurisdiction over the entire Territory or District. Subpoenas issued out of the District Court for the Third Division of the Territory of Alaska at Anchorage, upon proper order, will run in every other Division and must be obeyed by witnesses subpoenaed at points as remote from Anchorage as Ketchikan in the First Division or Borrow in the Second Division, some 1,500 miles apart.

Accordingly, in view of all of the law on the subject, as it existed at the time of trial, it appears that plaintiff Humphries is entitled to mileage from the place where he entered the Territory to his destination at Anchorage, the place where the trial was had, and return, and no more, at the rate of 15 cents per mile.

Defendants further object on the ground that plaintiff Humphries was in Anchorage not only to testify in this case but also in connection with Causes A–5001 and A–5030. Humphries was a party to Cause No. A–5001 and actually testified therein but he was not a party to Cause No. A–5030 nor did he testify therein although subpoenaed by the defendant. The opinions of the Courts are not in harmony on the subject. The matter was considered by the Court of Appeals, Ninth Circuit, in National Union Fire Ins. Co. v. California Cotton Credit Corp., (General Ins. Co. of America v. California Cotton Credit Corp.) 1935, same defendant, 76 F.2d 279. In those cases the parties had agreed that the testimony for both cases could be taken in the same hearing, and the witnesses testified only once. The trial court allowed full witness fees and mileage costs in each case. On appeal this was held to be proper. The opposite result was reached in McKee v. Clark, 115 Mont. 438, 144 P.2d 1000. The allowance of full mileage fees and attendance fees in each case appears to be the majority rule. The Vernon, D.C., 36 F. 113; Archer v. Hartford Fire Insurance Co., C.C., 31 F. 660; Young v. Merchants Ins. Co., C.C., 29 F. 273. The ruling of the Court of Appeals for the Ninth Circuit must prevail in this Court. The objections of defendants here upon the ground mentioned are overruled.

6. With respect to plaintiff Marvin Campbell, it may be pointed out that he did testify as a witness not only in this case but also in Causes Nos. A–5001 and A–5030. The objection made upon the ground of his having testified in the other cases is untenable in view of the decision of the Court of Appeals in National Fire Insurance Co. v. California Cotton Credit Corp., supra. All rulings of the court in connection with plaintiff Vernon Humphries are also applicable to plaintiff Marvin Campbell.

7. Defendants also objected to allowance of attendance and subsistence fees for plaintiffs Humphries and Campbell. Parties to an action may recover witness fees as costs on the same basis as other persons. Farno v. Coyle, supra. It is to be presumed that both of the plaintiffs were obliged to be in attendance at the trial during the entire time it was before the Court. Witness fees may not be de-

nied by virtue of the fact that witnesses are not subpoenaed, Qualley v. Aitken, supra, or by virtue of the fact that any witness came from a distance of more than one hundred miles. Gallagher v. Union Pacific Ry., supra; Deal v. United States, supra. Accordingly, the objections of the defendants to the last two items above listed on the plaintiffs' cost bill must be overruled.

While it has no bearing on the case at hand, it is worthy of note that the schedule of witness fees issued by the Attorney General and above referred to has been revised, the new fee schedule being effective October 25, 1949. This revised fee schedule provides for an allowance of $4 per day for attendance and $5 per day additional for subsistence for witnesses who live at a place so far removed as to prohibit their return home from day to day.

Because it appears that the plaintiffs are justly entitled to more of the costs and disbursements claimed than may be approved under the amended cost bill filed, leave is given to plaintiffs to file a second amended cost bill within ten days of the date hereof and the defendant may have five days thereafter within which to file objections. If no amended cost bill is filed, an order may be drawn in harmony with this opinion.