Henry RODEN, Plaintiff,

v.

EMPIRE PRINTING COMPANY, a corporation, Defendant.

Ernest GRUENING, Plaintiff,

v.

EMPIRE PRINTING COMPANY, a corporation, Defendant.

Frank A. METCALF, Plaintiff,

v.

EMPIRE PRINTING COMPANY, a corporation, Defendant.

Nos. 6725-6-7-A.

United States District Court

District Court, Alaska

First Division, Ketchikan.

Dec. 2, 1955.

**666**

Wendell P. Kay (of Kay & Buckalew), Anchorage, Alaska, Buell A. Nesbett (of McCutcheon & Nesbett), Anchorage, Alaska, for plaintiffs.

H. L. Faulkner and Roger G. Connor (of Faulkner, Banfield & Boochever), Juneau, Alaska, for defendant.

HODGE, District Judge.

Three actions for libel against the defendant Empire Printing Company were consolidated and tried together before a jury on November 14th through 19th, last, and resulted in a verdict of the jury in each case awarding to the plaintiff the sum of $1 as compensatory damages and the sum of $5,000 as punitive damages. Defendant objects to the entry of judgment in accordance with the verdicts of the jury upon the grounds that the verdicts for punitive damages are out of proportion and not commensurate with the amounts awarded for compensatory damages and that to award $15,000 punitive damages is grossly excessive, contending that the Court may exercise its discretion as to the amount of such award.

By the great weight of authority the rule is now well established that in an action for defamation punitive damages may be recovered although the actual damages found are only nominal in amount. This is especially true whenever it is made to appear that the defendant acted with malice or where the defamation complained of is actionable per se. 15 Am.Jur., Damages, p. 708, Sec. 271; 33 Am.Jur., Libel and Slander, p. 190, Sec. 202; Annotation 33 A.L.R. 403, 414; Vingi v. Lisianski Packing Co., 6 Alaska 182.

In this case considerable evidence was produced by the plaintiffs tending to show malice on the part of the defendant, its officers and agents, in the publication complained of. The Court also held that the publication was libelous per se as imputing to plaintiffs the commission of a crime, and the jury were so instructed. Under these circumstances we find that the verdicts of the jury were proper and were not excessive in view of all of the circumstances. We can find no rule of law suggesting that the verdicts for compensatory and punitive damages should be commensurate with each other, and in fact the jury were instructed that an award for com-

pensatory damages need have no relationship to any amount awarded for punitive damages, which we conceive to be a correct statement of the law.

■ Defendant also objects to the allowance of costs and attorneys' fees in the judgment upon the grounds that the verdict for compensatory damages would not entitle plaintiffs to costs, and also on the theory that by awarding each plaintiff $5,000 as punitive damages it would appear that the jury may well have made that award to the plaintiffs for the purpose of defraying their expenses of the trial of the action and preparing therefor. By statute costs are allowed of course to the plaintiff upon a judgment of the District Court in his favor in an action for libel, provided that if the plaintiff recovers less than $50.00 damages he shall recover no more costs than damages. Sec. 55–11–52, A.C.L.A.1949. The word "damages" as used in such statute must be held to include punitive as well as compensatory damages.

■ It is true that attorneys' fees by way of costs may be allowed to the prevailing party in the discretion of the Court. Sec. 55–11–51, A.C.L.A.1949. However, we see no valid reason why the Court in the exercise of its discretion should not allow attorneys' fees to the prevailing parties in these cases.

Nor can we find any merit in the suggestion that the punitive damages were awarded by the jury for the purpose of defraying the expenses of the plaintiffs. Such view is wholly contrary to the Instructions of the Court and we cannot indulge in any such presumption. In fact it is obvious that it was the intention of the jury, pursuant to the Instructions of the Court, that although they found that the plaintiffs had suffered no actual damages, punitive damages should be assessed by way of example, or punishment, on account of the malice shown or that the publication was made recklessly and wantonly, without regard for the rights of plaintiffs, which finding was fully justified by the evidence.

■■ A schedule of such attorneys' fees which are ordinarily fixed unless the Court, in its discretion, otherwise directs, is provided by Rule 45, Uniform Rules of the District Court for the District of Alaska. The attorneys' fees thus provided if allowed to the plaintiff in each case separately would considerably exceed the amount to be allowed in the three actions jointly. The previous order of the Court was to the effect that the cases "be consolidated and tried jointly," pursuant to Rule 42(a), Federal Rules of Civil Procedure, 28 U.S.C.A. When so consolidated the suits are merged and constitute thereafter but one action. 1 Am.Jur., Actions, p. 480, Sec. 95; Lumiansky v. Tessier, 213 Mass. 182, 99 N.E. 1051; Annotation 58 Am.Dec. 512. It would therefore appear that such attorneys' fees should be allowed only upon the basis of one action. Such fees, according to the schedule provided for by Rule 45, would amount to but $800. This amount seems hardly sufficient in view of the extensive trial lasting six full days and the obvious extensive preparation for trial. Not being bound by the schedule, we feel that a fee of $1,000 should be justly allowed.

The objections of the defendant to the proposed judgment must therefore be overruled.

### Costs

Defendant objects to items in the cost bill submitted by plaintiffs for mileage for plaintiffs Roden, Metcalf and Gruening, in attendance at the trial as witnesses on their own behalf, in excess of 100 miles each way at 15 cents per mile, upon the grounds that this is all that the rules provide and that if the witness resides beyond that he is not obliged to answer a subpoena.

■ The allowance of mileage to witnesses in the District Court of Alaska is presently prescribed by Administrative Order of the Attorney General of the United States under date of October 19, 1949, pursuant to the provisions of Title 48, § 25, U.S.C.A., Sec. 11–3–9,

A.C.L.A. This schedule provides an allowance of 18 cents per mile for travel by air in the First Judicial Division from the place of residence of the witness to the place of attendance for trial. The objection that such mileage must be limited to 100 miles each way by reason of the provisions of our Code that a witness is not obliged to attend for oral examination beyond such distance has been determined adversely to the defendant by the Circuit Court of Appeals of this Circuit in the case of Deal v. United States, 11 F.2d 3, at page 8, in which it is held that mileage is recoverable for such distance as is necessarily travelled by a witness from a place to which a subpoena will run, and that a subpoena will run to any point in the Territory. See also Opinion rendered by Judge Anthony J. Dimond under date of December 30, 1949, in the case of Humphries v. Starns, D.C., 87 F.Supp. 374. The mileage requested being calculated from the place of the witnesses' residences at Juneau to the place of trial at Ketchikan and return at less than the amount permitted by rule, this objection is overruled and the mileage requested is allowed.

■ Defendant next objects to any sum as mileage of plaintiffs' attorneys included in the cost bill from their residence at Anchorage to Ketchikan and return. We find no provision for any such mileage either by regulation or statute. In the case of Humphries v. Starns travelling expenses of an attorney to attend a trial was refused as an item of costs for the same reason. The objection to this item will be sustained.

■ Defendant further objects to an item allowing mileage for Jack McFarland, a witness called to Anchorage from Nondalton, Alaska, for deposition taken in this case, being for travel by air at 15 cents per mile. The administrative order referred to allows a schedule of witness fees, per diem for subsistence and mileage for witnesses attending the District Court, or before a United States Commissioner, "or person taking their depositions." This item is therefore proper and should be allowed.

■ It is noted that the cost bill contains items of witness fees for the plaintiffs Gruening, Metcalf and Roden for attendance for six days each at $9 per day, all of said plaintiffs testifying in the case. This should be corrected to read: "Witness fees at $4.00 per day and per diem in lieu of subsistence at $5.00 per day, or a total of $9.00 per day allowed by such administrative order." Such witness fees and mileage may be allowed to parties to the action, if called to testify. Forno v. Coyle, 9 Cir., 75 F. 2d 692; Humphries v. Starns, supra. It is also observed that the witnesses Metcalf and Roden were actually in attendance at the trial only five days; but the order permits such fee and subsistence for each day's attendance and for the time necessarily occupied in travelling from the place of residence of the witness to the place of trial, and return. The amount claimed, being less than the amount provided by rule, may be allowed. In the same manner the witness fee for Jack McFarland at two days may be allowed.

The Clerk is authorized and directed to allow all items in the cost bill submitted by plaintiffs except the item of $126.-72 for mileage claimed for attorneys Kay and Nesbett.