**Harold R. JONAS, Plaintiff,**

v.

**BANK OF KODIAK, an Alaska Banking Corporation, and Fidelity-Phenix, a Foreign Insurance Corp., Defendants.**

No. K–12876.

District Court, Alaska, Third Division, Anchorage.

Oct. 24, 1958.

See, also, 162 F.Supp. 751.

John S. Mansuy, Jr., Kodiak, Alaska, for plaintiff.

Davis, Hughes & Thorsness, Anchorage, Alaska, for defendant Bank of Kodiak.

John C. Dunn, Anchorage, Alaska, for defendant Fidelity-Phenix.

McCARREY, District Judge.

This action arose when the plaintiff filed a complaint against the defendant Bank of Kodiak and defendant Fidelity-Phenix Insurance Company in order to collect on a policy of marine insurance.

The case was set for trial at Kodiak at the request of the plaintiff who resided in Kodiak. Neither defendant seriously objected to the trial setting in Kodiak.

This court takes judicial notice of the fact that there is but one attorney in Kodiak. This necessitates travel expenses for most attorneys whenever trials are held in Kodiak, and, in this case, as the only attorney in Kodiak was representing the plaintiff, the de-

fendant, of necessity, retained other counsel.

■ Defendant Fidelity-Phenix Insurance Company prevailed at the trial and, in conformance with Rules 13 and 25 of the Uniform Rules of the District Court for the District of Alaska, it applied to the clerk of this court for an order taxing its costs to the plaintiff. The costs were listed as $500 attorney's fee, $69.30 round-trip airline ticket Anchorage to Kodiak, $5.60 cab and bus fares to and from the airports in Anchorage and Kodiak, and $20 hotel room and meals in Kodiak. The clerk disallowed all the items as costs except the $500 attorney's fee, citing two Alaska cases as authority: Humphries v. Starns, 1949, 87 F.Supp. 374, 12 Alaska 535, and Roden v. Empire Printing Co., 1955, 135 F.Supp. 665, 16 Alaska 28.

This court is of the opinion that the case of Humphries v. Starns, 1949, 87 F. Supp. 374, 12 Alaska 535, is not in point because the factual situation in that case does not indicate whether the Kansas attorney actually performed the claimed travel to Alaska. The court in the Humphries case, supra, did not promulgate a dictum indicating whether it would have awarded attorney travel expenses if the attorney had proved that he actually had performed the travel claimed. However, the court noted that there was no provision for attorney travel expenses under any Alaska statute. The Alaska statute governing attorney fees, Sec. 55–11–55, A.C.L.A.1949, does not mention traveling expenses for attorneys, and, as other taxable costs are specifically set out in the statute, it would seem that the Territorial Legislature meant to deny them.

The second case cited in the clerk's decision, Roden v. Empire Printing Co., 1955, 135 F.Supp. 665, 16 Alaska 28, is in point. In that case plaintiff prevailed in a libel action and was awarded ordinary and punitive damages. The plaintiff then asked as costs a mileage allowance for his attorneys who traveled from Anchorage to Ketchikan. The court denied this allowance stating that there was no provision in the statutes or regulations pertaining to attorney travel expenses as costs. This court feels that regardless of the fact that there is but one attorney in Kodiak, if a precedent has been set in the face of extenuating circumstances (punitive damages were recovered, supra), that precedent should be followed. If attorneys feel that their travel expenses should be taxable as costs, they should seek redress from the Legislature.