Vincent MARESCO, Plaintiff,

v.

FLOTA MERCANTE GRANCOLOMBIANA, S.A., Defendant and Third-Party Plaintiff,

American Stevedores, Inc., Third-Party Defendant.

Civ. A. No. 14154.

United States District Court
E. D. New York.

Nov. 24, 1958.

Renato C. Giallorenzi, New York City, for defendant and third-party plaintiff, by Victor Romano, New York City, of counsel.

Irving Israel, New York City, for plaintiff, by Morris Eisen, New York City, of counsel.

Alexander, Ash & Schwartz, New York City, for third-party defendant.

BYERS, Chief Judge.

This motion, made by defendant and third-party plaintiff, has for its object the taxation in its bill of costs of traveling expenses for two witnesses and their subsistence, which the Clerk disallowed.

In the brief filed in behalf of the motion, it is stated that the action was instituted to recover damages for personal injuries said to have been sustained by the plaintiff while working as a stevedore on a vessel owned, etc. by the defendant, on June 25, 1952.

The case came on for trial on October 15, 1958, and at the close of the plaintiff's case, pursuant to the defendant's motion, the complaint was dismissed.

It also appears that the two witnesses concerned were the captain and the second officer of the ship (S. S. Ciudad de . Manizales) and it is alleged in the affidavit in support of the motion that

"The testimony of said witnesses, as 'live' witnesses, was material and necessary to the defense herein."

The opposing affidavit alleges that "* * * it has not been shown that the witnesses for whom the defendant claims travelling expenses were necessary in the defense of the above entitled action. A mere statement to that effect is not sufficient and (it) would be quite unfair to burden the plaintiff with the expenses for unnecessary and irrelevant witnesses."

In the absence of at least an allegation that the two witnesses were not necessary to the defense, I see no reason for questioning the statement contained in the affidavit of the defendant.

If the plaintiff had been advised of facts to support the assertion that the said two witnesses were not necessary to the defense and had embodied such in his opposing affidavit, an important issue of fact would have been raised, but in the absence of such an allegation the court is required to dispose of this motion on the theory that both witnesses were necessary in the presentation of the defendant's case. The fact that the complaint was dismissed at the close of the plaintiff's case, does not affect the essential question presented by this motion.

It appears that one of the two witnesses is a resident of Bogota, Colombia, and that he flew to the United States for the purpose of this trial at an expense of $333.60, being the tourist class rate and not the lowest first class rate authorized by Title 28 U.S.C. § 1821.

The other witness, being also a resident of Bogota, seemingly was present in Portland, Oregon, and the defendant seeks to tax the item of $114.40, being the cost of one-way coach class plane fare.

In addition, the defendant seeks to tax subsistence at the rate of $8 a day for eight days as to the first witness, plus $4 for one day's attendance in court. That witness left Bogota on October 11th and returned October 18th, and the total sum is $68.

As to the other witness (Malfatti) who left Portland on October 10th and was apparently in this city through the 15th and returned to duty on the 17th, the defendant seeks to tax eight days' subsistence at the rate of $8 per day, plus $4 for one day's attendance in court, making a total of $68.

The real opposition to the motion is based upon those decisions quoted in the plaintiff's affidavit which confined the mileage payable to witnesses to 100 miles from the place of trial. Seemingly but two cases in this circuit have been cited to sustain that view, Ryan v. Arabian Oil, D.C., 18 F.R.D. 206, and Perlman v. Feldmann, D.C., 116 F.Supp. 102, at page 115.

A very recent case decided in the Southern District, Bank of America v. Loew's etc., D.C., 163 F.Supp. 924, at page 928 et seq., contains a helpful and convincing exposition of a view which is contrary to those in the last two cases, in an opinion by Judge Dawson.

I find his reasoning to be entirely persuasive, as contained on pages 928 to 930 inclusive, and accordingly his decision will be followed as to the travelling expenses of the two witnesses in question. Since they were necessarily here, no reasons occur to distinguish between subsistence and travelling expenses; accordingly those items as sought to be taxed, will be allowed.

Settle order.