**C. A. ZARUBA, Plaintiff,**

v.

**Emery F. TOBIN, Defendant.**

**No. 3897–KA.**

District Court, Alaska,
First Division, Ketchikan.

March 21, 1959.

**214**

W. C. Stump, and E. E. Bailey, of Stump & Bailey, Ketchikan, Alaska, for plaintiff.

Robert M. Elias, Seattle, Wash., and Lester O. Gore, of Gore & Jernberg, Ketchikan, Alaska, for defendant.

KELLY, District Judge.

This matter comes before this court upon a motion by plaintiff for an allowance of costs and attorney fees in connection therewith.

Suit was brought by plaintiff upon two causes of action for libel against the defendant. In each cause plaintiff sought both actual and punitive damages. The cause was tried to a jury and the jury awarded plaintiff $1 actual damage and $1 punitive damage in each cause of action, for a total sum of $4. The original action was commenced and damages awarded prior to the transition of the Territory of Alaska to statehood.

It is the plaintiff's contention that there is a conflict between Sec. 55–11–52 of the Compiled Laws of Alaska Annotated, 1949, and Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and because of such conflict the Federal Rules will govern. He contends that Rule 54(d) provides for costs to the prevailing party unless the court otherwise directs, which would leave the matter entirely in the discretion of the court; and that this wording is also carried out in the Uniform Rules of the District Court for the District of Alaska, which state, in Rule 25(a)(1):

"Unless the court, in its discretion, otherwise directs * * *"

Section 55–11–52, A.C.L.A.1949, provides in pertinent part as follows:

"Costs are allowed, of course, to the plaintiff upon a judgment in the district court in his favor in the following cases:

* * * * * *

"But in an action for * * * libel, slander, * * * if the plaintiff recovers less than fifty dollars damages, he shall recover no more costs and disbursements than damages; * * *."

This section is the same as that adopted for Alaska by Congress in 1900: 31 Stat. 415, c. 52, Section 510. Subsequent to the enactment of the above provision, Congress made the Federal Rules of Civil Procedure expressly applicable to the Territory of Alaska, 48 U.S.C.A. § 103a (1949). Prior to 1949, the Federal Rules were not in effect in Alaska. United States v. Twelve Ermine Skins, D.C. 1948, 78 F.Supp. 734. Rule 54(d) of the Federal Rules of Civil Procedure provides that:

"*Except when express provision therefor is made either in a statute of the United States* or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * *." (Emphasis supplied.)

Plaintiff alleges that since under the above Federal Rule costs are discretionary with the judge, whereas under 55–11–52 A.C.L.A.1949, a mandatory limita-

tion is placed on costs that may be awarded, the two are inconsistent and repugnant to each other, and that the subsequent enactment of Congress, making the Federal Rules expressly applicable to Alaska, must prevail.

Apparently the application of Section 55–11–52 in conjunction with Rule 54(d) of the Federal Rules of Civil Procedure has only been brought into question at one time. However, in that instance no determination was made as to its application. Roden v. Empire Printing Co., D.C.1955, 135 F.Supp. 665.

There can be little doubt that this statute (31 Stat. 415, c. 52, Sec. 510) comes within the purview of the exception provided for in Rule 54(d). The only possible justification for a different conclusion would be to hold that the effect of Congressional legislation in permitting the legislature of the Territory of Alaska to amend or repeal statutes passed by Congress ceased to make 55–11–52 A.C.L.A.1949 operative as a statute of the United States, but rather an adoptive statute of the legislature of the Territory of Alaska.

Congress has also provided that:

"The Constitution of the United States, and all the laws thereof which are not locally inapplicable, shall have the same force and effect within the said Territory as elsewhere in the United States. All the laws of the United States passed prior to August 24, 1912, establishing the executive and judicial departments in Alaska shall continue in full force and effect until amended or repealed by Act of Congress; *except as herein provided all laws in force in Alaska prior to that date shall continue in full force and effect until altered, amended, or repealed by Congress or by the legislature.*" 48 U.S.C.A. § 23 (1912). (Emphasis supplied.)

This enactment preserved the power in Congress to amend, alter or repeal any law in force in Alaska passed prior to August 24, 1912. Sec. 55–11–52 A.C.L.A. 1949, was duly enacted by Congress in the year 1900, as Sec. 510, c. 52, supra, and had not been subjected to amendment or repeal by Congress or by the Alaska legislature. Consequently, at any time before statehood, Congress could have lawfully repealed Section 55–11–52. In recognizing the authority of Congress to repeal this statute, there can be no other conclusion than that Section 55–11–52 is a statute of the United States expressly providing for allowance of costs to successful plaintiffs within the exception of Rule 54(d), and that the limitation imposed by this section on the allowance of attorney fees, witness fees, and other costs should govern.

The plaintiff herein recovered less than $50 damages, to wit: $4. Therefore costs herein would be limited to that amount.