**Byron A. GILLAM, Plaintiff,**

v.

**A. SHYMAN, INC., formerly Alaska Distributors Co., Inc., a corporation, et al., Defendants.**

**Civ. No. A–14484.**

United States District Court
D. Alaska,
at Anchorage.
Nov. 16, 1962.

See also 205 F.Supp. 534.

David A. Weyer, of Weyer, Sandelin & Sterne, Seattle, Wash., John M. Savage, of Irvine, Clark & Savage, Anchorage, Alaska, for plaintiff.

Ronald E. McKinstry, of Bogle, Bogle & Gates, Seattle, Wash., Harold J.

Butcher, Anchorage, Alaska, and James J. Delaney, of Plummer, Delaney & Wiles, Anchorage, Alaska, for defendants A. Shyman, Inc., Russell Eddy and Joseph Hart. Peter J. Kalamarides, Anchorage, Alaska, for defendants K & L Distributors, Inc. and Irving J. Ziegman.

HODGE, Chief Judge.

At the conclusion of the plaintiff's case upon trial of this action the court granted defendants' motion to dismiss,[1] with costs allowed to defendants pursuant to Rule 54(d), Federal Rules of Civil Procedure. Separate cost bills were filed on behalf of the defendants A. Shyman, Inc., Russell Eddy and Joseph Hart and on behalf of the defendants K & L Distributors and Irving Ziegman. The Clerk, upon a hearing on the matter of taxation of costs, entered an order taxing against plaintiff certain items of cost, disallowing others, and requesting resubmission of other items as will be discussed herein. Defendants A. Shyman, Inc., Eddy and Hart have filed a motion to retax such costs in respect to certain items not allowed by the Clerk, which will be discussed in the order submitted.

*Item 1.*

Fees of the court reporter for all or any part of transcripts claimed necessarily obtained for use in the case—$344.99. These fees were not allowed for the reason that the transcripts were found to be for the convenience of counsel and not ordered by the court.

■ Fees of the court reporter for all or any part of stenographic transcripts obtained during the trial are allowed only when the transcripts are necessarily obtained for use in the case. It must be shown that they are necessary for use of the court unless ordered by the court. Such fees are not allowed where the transcripts are obtained by the parties for their own convenience. Section 1920(2), Title 28 U.S.C.A.; Marshall v. Southern Pac. Co. (D.C.Cal.), 14 F.R.D. 228; Ben-

nett Chemical Co. v. Atlantic Commodities, Ltd. (D.C.N.Y.), 24 F.R.D. 200; Wax v. United States (D.C.N.Y.), 183 F. Supp. 163; Anderson v. General Motors Corporation (D.C.Wash.), 161 F.Supp. 668; Consolidated Fisheries Co. v. Fairbanks, Morse & Co. (D.C.Pa.), 106 F. Supp. 714; Department of Highways v. McWilliams Dredging Co. (D.C.La.), 10 F.R.D. 107, aff'd (C.A.5) 187 F.2d 61; Firtag v. Gendleman (D.C.D.C.), 152 F. Supp. 226; Kenyon v. Automatic Instrument Co. (D.C.Mich.), 10 F.R.D. 248. In the case of Perlman v. Feldmann (D.C. Conn.), 116 F.Supp. 102, cited by defendants, the court found that such a transcript was "necessarily obtained" for his own use and was helpful to him in deciding the case. In the case of A. B. C. Packard, Inc. v. General Motors Corporation (C.A.9), 275 F.2d 63, the transcript was ordered by the court.

■ In this case no such transcripts were ordered by the court or were necessary for the use of the court or used by the court in rendering decision in the case, but were obtained by counsel for their own convenience. Such fees cannot, therefore, be allowed.

*Item 2.*

Witness fees for Joseph Hart and Russell Eddy—$150.24, and for John Hellenthal—$120.60. The fees for the witnesses Hart and Eddy were not allowed for the reason that they were parties to the action. The fee for attendance and mileage for John Hellenthal was not allowed for the reason that there was no record of his attendance.

■ Witness fees in the federal court are not allowed to parties to the action. Barron & Holtzoff, Vol. 3, Sec. 1197, p. 57; Picking v. Pennsylvania R. Co. (D.C.Pa.), 11 F.R.D. 71, appeal dismissed (C.A.3) 201 F.2d 672, cert. denied 345 U.S. 1000, 73 S.Ct. 1144, 97 L.Ed. 1406. The Clerk's ruling was therefore correct. As to the witness John Hellenthal, I find that he was subpoenaed to

---

1. as to the principal defendants, and also dismissed plaintiff's case on the following

day, after hearing the defense, as to defendants Hart, Guard and Kearney.

attend from Juneau and that he did attend for one day only, although he was not called as a witness on account of the action being dismissed. He should therefore be allowed a witness fee for one day only and mileage from Juneau, in the amount claimed. Maresco v. Flota Mercante Grancolombiana, S. A. (D.C.N.Y.), 167 F.Supp. 845; Spiritwood Grain Co. v. Northern Pacific Ry. Co. (C.A.8), 179 F.2d 338.

*Item 3.*

Fees for exemplification and copies of papers claimed necessarily obtained for use in the case—$1,471.54. The Clerk limited such allowance to copies actually introduced into evidence, requesting counsel for defendants to resubmit a breakdown of such fees to the Clerk, who would then include them in the cost bill. No such breakdown has been submitted, but defendants' counsel has certified that all such expenses were necessary in order to prepare the case for trial and that the evidence was not introduced since it was not necessary to present the case on behalf of A. Shyman, Inc., in defense to the action.

Fees for exemplification and copies of papers "necessarily obtained for use in the case" may be taxed as costs although not actually used at the trial. Section 1920(4), Title 28 U.S.C.A.; Kenyon v. Automatic Instrument Co., supra; Bennett Chemical Co. v. Atlantic Commodities, Ltd., supra; Ryan v. Arabian American Oil Company (D.C.N.Y.), 18 F.R.D. 206; American Title & Trust Co. v. Gulf Refining Co. (C.A.2), 72 F.2d 248. Upon certification of counsel that such fees were reasonably necessary this item must be allowed.

*Item 4.*

Costs incident to the taking of depositions—$1,693.40. The Clerk's order provided that such costs would be allowed only as to depositions actually used or intended to be used at the trial and that no allowance would be made for discovery depositions taken for the convenience of counsel, and requested that this item be resubmitted by defendants, the amount finally allowed to be included in the cost bill. No such resubmission has been made, but counsel for defendants likewise claim that it was necessary to obtain the depositions "in order to prepare the case for trial."

The expense of taking depositions is taxable where, although the depositions are not used at the trial, the taking of such was reasonably necessary, and such costs are not allowed where the depositions were not necessarily obtained for use at the trial but for the convenience of counsel in preparing for trial, as for discovery purposes. Schmitt v. Continental-Diamond Fibre Co. (D.C. Ill.), 1 F.R.D. 109; Perlman v. Feldmann, supra; Harris v. Twentieth Century-Fox Film Corp. (C.A.2), 139 F.2d 571; Bank of America v. Loew's International Corporation (D.C.N.Y.), 163 F. Supp. 924; Cooke v. Universal Pictures Company (D.C.N.Y.), 135 F.Supp. 480; Manley v. Canterbury Corp. (D.C.Del.), 17 F.R.D. 234. Ordinarily such costs are not allowed as to the deposition of the party's adversary for discovery purposes or unless necessary for impeachment purposes. Andresen v. Clear Ridge Aviation (D.C.Neb.), 9 F.R.D. 50; Hancock v. Albee (D.C.Conn.), 11 F.R.D. 139. Such costs are also not taxable where the witnesses are available for examination at the trial, as such depositions could not be used at the trial except as provided by Rule 26(d), F.R.Civ.P. Jerome v. Twentieth Century-Fox Film Corporation (D.C.N.Y.), 71 F.Supp. 916. The cost of obtaining copies of depositions is ordinarily not taxable. Curacao Trading Co. v. Federal Ins. Co., (D.C.N.Y.) 3 F. R.D. 261, aff'd (C.A.2) 137 F.2d 911; Kenyon v. Automatic Instrument Co., supra.

There was no impeachment of the plaintiff Gillam by his deposition, which was obviously obtained purely for discovery purposes. The same applies to the depositions of the witnesses Jack Guard, Bud Weber, Russ Eddy, Joseph

Hart, Chester Puett, Edward Babinec, Alex Shulman, Wayne D. Calderwood, Milton Odom and Keith Lesh, all of whom were present at the trial and were called as witnesses except that Russ Eddy was not so called. The fees claimed as to the depositions of Eric Wiles and Charles R. Lyden were for copies only. These fees, therefore, cannot be allowed. A reporter's fee was also claimed for taking the deposition of Alfred Shyman, since deceased, but the amount thereof is not separately shown. The amount of reporter's fee for taking the deposition of Addison Smith is likewise not separately shown.

█ The fees for taking the deposition of Johney Kearney may be allowed, in the amount of $50.40, as such deposition was used for the impeachment of said witness. The fees for taking the following depositions may also be allowed:

Deposition of George L. Hull,
  witness fee, reporter's fee
  and expenses        $ 127.26
Deposition of Ray Faubert,
  reporter's fee            83.05
Deposition of Robert Win-
  slow, reporter's fee and wit-
  ness fee              93.35
Total allowed, $354.06, plus
  reporter's fee for taking
  the depositions of Alfred
  Shyman and Addison Smith
  if separately shown.

All other claimed costs incident to the taking of depositions are disallowed.

*Item 5.*

Reasonable attorneys' fees as costs under Rule 25, Amended Uniform Rules of the District Court for the District of Alaska. This court has already passed upon this question adversely to the defendants. See Gillam v. A. Shyman, Inc. (D.C.Alaska), 205 F.Supp. 534.

No motion to retax costs was filed on behalf of the defendants K & L Distributors and Irving Ziegman.

Plaintiff "appeals" generally from the Clerk's taxation of costs and has objected to the taxation of any costs against him, or suggests in the alternative that such taxation of costs be limited to the rules above discussed. Upon oral argument plaintiff protested transportation costs allowed witnesses from the place of entry into the District of Alaska at Annette Island to Anchorage and return. These were allowed pursuant to stipulation of counsel as shown by the Clerk's order, which stipulation and order were correct. Deal v. United States (C.A.9), 11 F.2d 3; Roden v. Empire Printing Co. (D.C.Alaska), 135 F.Supp. 665; Humphries v. Starns (D.C.Alaska), 87 F.Supp. 374. Plaintiff also protests the allowance to the witness Robert Graham of two days' subsistence but the record indicates that this is correct. All other contentions of plaintiff are covered herein or do not require consideration.

An appropriate order may be entered allowing to defendants Shyman, Eddy and Hart the additional costs above set forth.