**John B. ROSENTHAL, Plaintiff,**

v.

**George BRANGIER, Defendant.**

**Civ. No. 1972.**

United States District Court
D. Hawaii.

Jan. 12, 1965.

Thomas W. Flynn, Honolulu, Hawaii, for plaintiff.

Smith, Wild, Beebe & Cades, Honolulu, Hawaii, of counsel, by Milton Cades and Daral G. Conklin, Honolulu, Hawaii, for defendant.

TAVARES, District Judge.

Final judgment was awarded in favor of plaintiff in this matter, entitling him to costs.[1] These costs were computed by the Clerk,[1] and totaled $982.30. However, only three items are disputed, and are here considered. The disputed items are as follows:

(1) Fees of the court reporter for a copy of the transcript on appeal, $80.70.

(2) Fees and disbursements for printing briefs of plaintiff-appellee, $215.02.

(3) Fees and expenses for the witness Andre Leontiff, Papeete, Tahiti, French Polynesia, sub-itemized as follows:

| Attendance | 4 days | $ 16.00 |
|---|---|---|
| Subsistence | 6 days | 48.00 |
| Mileage | | 514.80 |
| | Total | $578.80. |

The only sub-item contested by defendant is that for mileage, $514.80.

As to item (1) for costs of a transcript on appeal, the same is disallowed. This item of $80.70 represents the cost of a copy of the transcript ordered for and used by plaintiff-appellee's counsel in writing his brief on appeal. Plaintiff-appellee's counsel could have written to and received from the Clerk of the Court of Appeals for the Ninth Circuit one of the copies of the original transcript filed by the appellant under Rule 10 of the Rules of the United States Court of Appeals for the Ninth Circuit. Hence, this additional copy, in the absence of any special showing to the contrary, which was not forthcoming, must be considered to have been ordered purely for the convenience of counsel, and the

---

1. Rule 54(d), F.R.C.P. provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

cost thereof is not allowable. Kenyon v. Automatic Instrument Co., D.C., 10 F.R.D. 248.

■ Item (2) for $215.02 represents the cost of printing briefs of plaintiff-appellee on the appeal in this case. However, defendant-appellant was permitted to and did file typewritten briefs under Rule 18, paragraph 6 [2] and Rule 37(a) [3] of the Rules of said Court of Appeals. The plaintiff-appellee was thereby automatically permitted also to file typewritten briefs.[4] It is probably because of the provisions of Rule 18, paragraph 6, and Rule 37(a) that Rule 25, paragraph 5 of the Rules of said Court of Appeals provides that "The cost of printing briefs, * * * is not a taxable item." Under the circumstances this item for printing of plaintiff-appellee's brief must be, and is, disallowed.

The foregoing illustrates the need for attorneys to be familiar with the Rules of the Courts of Appeal in connection with appeals thereto.

Item number (3) presents the greatest difficulty. The defendant-appellant makes no objection to the portions of costs claimed comprising attendance (4 days $16.00) and subsistence (6 days $48.00) but objects to the balance of $514.80 for the lowest air fare from Tahiti to Honolulu and return, claimed for Andre Leontiff, an expert witness on real property values who came here from Papeete, Tahiti, French Polynesia, and was the only disinterested witness who testified as to real property values in Tahiti as an expert. His testimony was useful to and relied upon by the Court. He was a necessary witness. However, objection is raised by the defendant-appellant on the ground that the amount allowable for his transportation should be limited to 8 cents per mile for 100 miles to and from Honolulu (where the case was tried), under Kemart Corporation v. Printing Arts Research Lab., 9 Cir., 232 F.2d 897, 57 A.L.R.2d 1234, and Kirby v. United States, 9 Cir., 1921, 273 F. 391. He also contends that the case of

2. "6. When the cause is prosecuted or defended in forma pauperis, *or a party is otherwise permitted*, pursuant to an order entered under Rule 37(a) of these rules, *to proceed on a typewritten brief*, such brief shall be upon pages not to exceed 8½ by 11 inches bound on the left margin, all type matter to be double spaced and not to exceed 6½ by 9½ inches, with each page consecutively numbered. An original and three clearly legible and unblurred copies of such brief shall be filed with the clerk of this court. Only one copy of such brief need be served upon opposing counsel. In cases where opposing parties are represented by more than one counsel, one copy shall be served on each separate set of counsel.

"*When a party is permitted, under this rule, to file typewritten briefs, the opposing party may also file typewritten briefs. In any case,* civil or criminal, *any party*, if he so desires, *may in lieu of printed briefs, file briefs prepared by the process of multilith or offset duplicating*, upon pages bound on the left margin, with each page consecutively numbered, the size of the pages to conform to those of printed briefs

or typewritten briefs, as may be preferred, the same number of briefs to be served and filed as in the case of printed briefs. When the size of the pages conforms to those of typewritten briefs, the typed matter shall not exceed 6½ by 9½ inches, with each page consecutively numbered. All type matter shall be double spaced. Where briefs are reproduced pursuant to this paragraph, the clerk shall refuse to receive any brief which has been prepared otherwise than in substantial conformity to this rule." (emphasis added.)

3. Rule 37(a) provides: "Upon motion supported by affidavit a judge of this court (1) may order an extension of the time or shorten the time specified in the foregoing rules for any proceeding, except as provided in Rule 23; (2) may order an increase in the size of briefs specified in the foregoing rules; and (3) may order the filing of typewritten briefs and permit a lesser number to be filed than is otherwise provided in Rule 18 of these rules."

4. See 2nd sub-paragraph of paragraph 6, note 2, supra.

Bank of America v. Loew's, Intern. Corp., U.S.D.C., S.D.N.Y., 1958, 163 F.Supp. 924, cited by plaintiff-appellee, is not applicable in the Ninth Circuit, in view of the Kemart and Kirby cases, supra.

In the Kemart case the Ninth Circuit held that where a witness entered the judicial district of the Southern District of California from San Francisco in the Northern District of California, at a point 250 miles from place of trial, he became amenable to process at such point and became entitled to recover his mileage from such point, and the 100 mile limitation was not applicable, citing F.R.Civ.P., Rule 45(e) (1) [5] and 28 U.S.C.A. § 1821.[6] The Court there acknowledged, with respect to 28 U.S.C.A. § 1821, that:

> "The statute does not itself limit the mileage. The limitations have been imposed by custom of the courts." (232 F.2d p. 902.)

Moore's Federal Practice, 2d Ed., Vol. 6, p. 1363, appears to state the general rule followed by most courts as modified or extended by the Ninth Circuit in the Kemart case and cases therein cited with approval. In the Kemart case, the court summarizes the rule as follows:

> "Thus, it should follow that the mileage allowable to a witness brought from outside the district should correspond to the distance from the place of trial to which the witness would have been amenable to service of the subpoena (i. e., any place within the district or 100 miles from the place of trial, whichever is larger)." (232 F.2d p. 905).

The decisions of the Ninth Circuit Court are, of course, binding on this court if applicable. Although the literal language of the Kemart case and all but two of the numerous cases this court has read on the subject appear to support

---

5. Rule 45(e) (1) and (2), provides:

"(1) At the request of any party subpoenas for attendance at a hearing or trial shall be issued by the clerk of the district court for the district in which the hearing or trial is held. A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena; and, when a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place.

"(2) A subpoena directed to a witness in a foreign country shall issue under the circumstances and in the manner and be served as provided in Title 28, U.S.C., § 1783. As amended Dec. 29, 1948, eff. Oct. 20, 1949."

6. The first paragraph of Section 1821 provides as follows:

"A witness attending in any court of the United States, or before a United States commissioner, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall receive $4 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 8 cents per mile for going from and returning to his place of residence. Regardless of the mode of travel employed by the witness, computation of mileage under this section shall be made on the basis of a uniform table of distances adopted by the Attorney General. Witnesses who are not salaried employees of the Government and who are not in custody and who attend at points so far removed from their respective residence as to prohibit return thereto from day to day shall be entitled to an additional allowance of $8 per day for expenses of subsistence including the time necessarily occupied in going to and returning from the place of attendance: *Provided*, That in lieu of the mileage allowance provided for herein, witnesses who are required to travel between the Territories and possessions, or to and from the continental United States, shall be entitled to the actual expenses of travel at the lowest first-class rate available at the time of reservation for passage, by means of transportation employed: *Provided further*, That this section shall not apply to Alaska."

the rule above enunciated, this Court is very strongly impressed with the justice and reasoning of Judge Dawson in Bank of America v. Loew's International Corp., U.S.D.C., S.D.N.Y., 1958, 163 F.Supp. 924, cited in supplementary Note 7 to the text in Moore, supra, as *"contra"* to the general rule. Actually, this Court does not regard the Bank of America case, supra, as necessarily contra, but rather as one which can be distinguished on its peculiar facts from the general decisions and authorities above mentioned.

Although Judge Dawson's reasoning would cogently support his contention that the general rule "seems to have no basis in either the statute or in the realities of modern trials" and is erroneous and should be overruled, it even more strongly points the way to a reasonable modification or relaxation of the court-made general rule to meet a unique situation not present in any of the cases which follow the general rule.

In the Bank of America case three witnesses (presumably not United States citizens) had testified in New York to which they had traveled from their homes in England, and their testimony was relevant and material and reasonably necessary to the disposition of the issue in the case. The expenses of their travel to and from New York were allowed over the objection that such allowance exceeded that for the 100-mile or within-the-district limit. Judge Dawson's opinion points out that the parties might well have been required to take depositions in England and the cost thereof might well have been taxed against the losing party, which would have exceeded the amount allowed for the witnesses' travel expenses, thus refuting the argument that the costs of bringing witnesses from far places might unduly increase the cost of litigation. He also pointed out that, although discovery under the Federal Rules of Civil Procedure was very broad and might be very expensive, nevertheless the expense had never been regarded as a reason for curtailing the discovery un-

less it bore no reasonable relationship to the evidence sought to be adduced.

Likewise, in the present case the witness was not a citizen of the United States, and was a resident and citizen of Tahiti, a remote island with scant transportation facilities, whose official language is French, rather than English, and in which the system of laws is entirely different from that of this country, where it is dubious whether there are any satisfactory reporting or stenographic facilities available, and where there is grave doubt as to whether attorneys qualified to take depositions in English, or in any language for that matter, are available there. Even if there are available in Tahiti (which is doubtful) attorneys with training, qualifications and experience equivalent, with respect to the French system of civil law there prevailing, to those required of attorneys in this country with respect to our legal system, it can not be assumed with any degree of assurance that they are sufficiently acquainted with our system of laws and the customary requirements of depositions in our country under our rules to enable attorneys in this country to have depositions taken in Tahiti with as little trouble and expense as can be accomplished in this country where we have uniform Federal Rules of Civil Procedure and where attorneys are so well acquainted with the same and so accustomed to assisting each other in various jurisdictions that the taking of depositions, except in highly complicated situations, is a simple and inexpensive matter.

This Court's reading of all the cases called to its attention on the subject seems to indicate that *every one of them* which has laid down or followed the within-the-district or 100-mile limitation, or both, established by court fiat, has involved a situation in which a witness was called *from within this country* where he was subject to the deposition and discovery procedure laid down in the Federal Rules of Civil Procedure, *except* for

the Bank of America case, supra, and *another case,* Maresco v. Flota Mercante Grancolombiana, U.S.D.C., E.D.N.Y., 1958, 167 F.Supp. 845. The latter case followed without argument the Bank of America decision and is similar in its facts except that, while the two witnesses for whom travel expenses were allowed were both residents of Bogota, Colombia, one had come directly from Bogota and the other had happened to be in Portland, Oregon just before the trial and had come from there, so that his traveling expenses were allowed only to and from Portland.

This Court believes that the Maresco case can be brought within the exception here contended for with respect to non-United States citizen residents of foreign countries by recognizing that it was perhaps only by coincidence that one of the Bogota residents in the Maresco case happened to be in Portland and that, had the parties sought to take his deposition, they would in all probability have had to take it in Bogota long before the trial.

Feeling, as this Court does, that the fact that a witness is a non-citizen and resident of a foreign country is a sound basis for distinguishing the cases establishing the general rule above laid down, this Court believes that it is not bound by the rule of the Ninth Circuit in the Kemart case and, following the enlightened reasoning of the Bank of America case, holds that the $514.80 mileage charged, representing the lowest airline fare from Tahiti to Honolulu and return, is an allowable one.

Accordingly, it is ordered that the Bill of Costs allowed by the clerk is modified so as to delete therefrom the items of $80.70 for copy of the transcript and $215.02 for printing, but all other items of the Bill of Costs are allowed, resulting in a total amount of $686.58 as costs awarded to the plaintiff-appellee and payable by the defendant-appellant.