**Inman R. BANKS, Plaintiff,**
**and**
**Adolphus Walker et al., Plaintiff-**
**Intervenors,**

**v.**

**SEABOARD COAST LINE RAILROAD**
**COMPANY et al., Defendants.**

**Civ. A. No. 14124.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 11, 1974.

See also 360 F.Supp. 1372.

Elizabeth Rindskopf, George L. Howell, Atlanta, Ga., Jack Greenberg, New York City, for plaintiff.

Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Savannah, Ga., for Seaboard.

Mulholland, Hickey & Lyman, Washington, D. C., for Bro. Rwy. Carmen.

Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., for deft. employees.

Huie, Brown & Ide, Atlanta, Ga., for Union International Brotherhood, Etc.

## ORDER OF COURT

MOYE, District Court.

On November 21, 1973, defendant Seaboard Coast Line Railroad Company [SCL] and defendant unions, Brotherhood of Railway Carmen of the United States and International Brotherhood of Firemen and Oilers, were ordered to demonstrate the taxability of certain disputed items contained in their respective bills of costs.

SCL's bill of costs totals $1,392.14 of which $439.55 in expenses for exemplifi-

cation and copies of papers and $779.29 in costs incident to the taking of depositions is contested. Defendant unions' bill of costs which consists of a $292.61 charge for costs incident to the taking of depositions is challenged in its entirety.

■ 28 U.S.C. § 1920(4) authorizes the taxation as costs of fees for exemplification and copies of papers necessarily obtained for use in the case. SCL claims expenses of $439.55 for the copying of documents and papers which its attorney has certified were introduced into evidence at trial. These expenses have been documented. Plaintiffs argue that expenditures of this nature are not taxable under the above-cited statute. This contention is belied by the statutory language and the case law interpreting it. *See* Advance Business Systems & Supply Co. v. SCM Corp., 287 F.Supp. 143 (D.Md.1968); Gillam v. Shyman, Inc., 31 F.R.D. 271 (D.Alaska 1962). The Court accepts counsel's certification that all of the documents in question were introduced into evidence as a sufficient showing that the copies were necessarily obtained for use in the case and allows the $439.55 as a taxable cost.

■ Plaintiffs' objections to the expenses of SCL and the defendant unions denominated "costs incident to taking of depositions" are not characterized by specificity. Plaintiffs do not contend that the depositions were not necessarily obtained for use in the case. They instead suggest that the costs claimed by the defendants represent meals provided for defendants' attorneys or other nontaxable expenditures. The defendant unions and SCL have submitted court reporters' invoices covering the expenses they seek to have taxed as costs. The Court has no reason to suspect any irregularity with respect to these invoices and therefore allows the taxation of the disputed items. Accordingly, the bills of costs filed by SCL and the defendant unions are allowed in their entirety.

So ordered.